LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

*Attorneys for the United States of America*

FILED
DISTRICT COURT OF GUAM
NOV 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CIVIL CASE NO. 06-00030 |
| Plaintiff, ) | |
| vs. ) | MOTION TO QUASH |
| ) | DISCOVERY PRIOR TO |
| MARSHALLS 201, ) | SCHEDULING ORDER |
| Defendant. ) | |

Pursuant to Rules 27 and 30(a)(2)(C) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the United States hereby Motions this Court for an Order to Quash an attempt by Defendant to conduct discovery prior to the submission of a Scheduling Order before the Court.

On November 14, 2006, Defendant submitted a "Notice of Taking Deposition" for a deposition to take place on Thursday, November 23, 2006 (See Attachment A). The United States informed Defendant's counsel repeatedly that it was not prepared to commence discovery and asked for cooperation in submitting a Scheduling Order addressing discovery, including the intended deposition. The United States would agree to a timely deposition and would agree to prioritize witnesses, however it is not prepared to go forward without significant notice to its client agencies. Without responding to the opposition of the United States, an article was

published in the newspaper reporting on the intention to have a deposition on November 23, 2006 (Attachment B). After more protests from the United States, Defendant responded with an Amended Notice of Taking Deposition for Friday, November 24, 2006 (Attachment C). That Amended Notice cites to F.R.Civ.P. 30(a)(2)(C) which provides for a deposition when the "notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States..." Subsequent to that, Defendant has most recently informed the United States that, due to circumstances, the deposition will instead be conducted in "two weeks".

The United States seeks an ORDER TO QUASH the Notice of Deposition. It is important to the United States that an application be made to the Court and that a time and place for any such deposition be scheduled during the discovery period and with enough notice for the client agencies of the United States to participate meaningfully in the deposition.

The United States asserts that it is in the best interest of justice for this case, and other similar cases, to require Defendant to apply to the Court for discovery that takes place outside the Scheduling Order and without the stipulation of both parties, as required by the local rules.

DATED this 22 day of November 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

MIKEL W. SCHWAB
Assistant U.S. Attorney

2

| | |
|---|---|
| 1 | **BERMAN O'CONNOR & MANN**<br>Suite 503, Bank of Guam Building |
| 2 | 111 Chalan Santo Papa<br>Hagåtña, Guam 96910 |
| 3 | Telephone: (671) 477-2778<br>Facsimile: (671) 477-4366 |
| 4 | |
| 5 | Attorneys for Defendant:<br>*MARSHALLS 201* |

**FILED**
DISTRICT COURT OF GUAM
NOV 14 2006
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CIVIL CASE NO. 06-00030 |
|---|---|
| Plaintiff, | ) |
| v. | ) **NOTICE OF TAKING DEPOSITION** |
| MARSHALLS 201, | ) DATE: THURSDAY, NOVEMBER 23, 2006<br>) TIME: 9:30 A.M. |
| Defendant. | ) |

### NOTICE OF TAKING DEPOSITION

TO: MIKEL W. SCHWAB, OFFICE OF THE UNITED STATES ATTORNEY, 108 HERNAN CORTES AVENUE, SUITE 500, HAGÅTÑA, GUAM 96910

PLEASE TAKE NOTICE that on **NOVEMBER 23, 2006, THURSDAY**, at the hour of **9:30 A.M.** at the Law Office of Berman O'Connor & Mann, Suite 503 Bank of Guam Bldg., 111 Chalan Santo Papa, Hagåtña, Guam 96910, Defendant MARSHALLS 201, through counsel undersigned, in the above-entitled action will take the deposition of MR. WEN YUEH LU, whose address is known to you, upon oral examination pursuant to the prior Order of this Court and Rule 30(a), Federal Rules of Civil Procedure, before a notary public or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

E:\Jean\Plds\DJB\Marshalls\ntc. depo.wpd

US Attorney's Office
Districts of Guam & NMI
NOV 14 2006
Time 10:30 an
Receiving name
Date keyed in Dbase
Entered into Dbase by:

**A**

Dated this **14** day of November, 2006.

                      **BERMAN O'CONNOR & MANN**
                      Attorneys for Defendant *MARSHALLS 201*

BY: _____
      DANIEL J. BERMAN

E:\Jean\Plds\DJB\Marshalls\ntc. depo.wpd

# Federal court to start deposition in Marshalls 201 case

By Gina Tabonares
*Variety News Staff*

THE forfeiture case of the Marshalls 201—the $15 million fishing vessel impounded for illegal fishing in a U.S. Exclusive Economic Zone—will move forward with the taking of depositions starting next week.

A notice for the taking of depositions has been filed by Daniel J. Berman, lawyer for the fishing vessel, before the U.S. District Court of Guam to gather evidence on the counterclaim filed by the owner of the four-deck purse seiner.

The defense lawyer will take the deposition of Wen Yueh Lu, the captain of the vessel, which was seized on Sept. 9, 2006.

The oral examination will be held on Nov. 23 at 9:30 a.m. at the Law Office of Berman O'Connor & Mann at 111 Chalan Santo Papa in Hagatna.

The notice, addressed to Assistant U.S. Attorney Mikel Schwab, stated that the deposition will continue until completed.

The owner of the Marshalls 201, Marshall Island Fishing Co., filed a counterclaim before the court, saying that the boat's confiscation was unlawful.

In an answer to the complaint of forfeiture, the counsel for Marshall Island Fishing Co. claimed that the vessel is entitled to compensation for its unjustified hot pursuit and unlawful seizure and arrest.

The vessel's owner wants a court order awarding damages to them for maritime trespass for seizing and arresting the vessel without lawful authority.

An admiralty warrant was issued out of the U.S. District Court of Guam on Oct. 4, 2006 commanding the marshal to seize and take possession of the Marshalls 20, including its catch of fish worth $350,000.

The vessel was transferred to the Port of Guam after it was spotted fishing illegally in the U.S. EEZ surrounding Howland and Baker Islands on Sept. 9, 2006.

The defendant also denied that the U.S. has lawful authority to seek forfeiture of the vessel as plaintiff failed to provide legally sufficient notice under international law with regard to its unilateral claim to extended jurisdiction around Howland and Baker Islands.

COLA...
Continued from page 1

lated by the COLA class, an amount which the governor's counsel agreed upon in a stipulation order.

At 1 p.m. on Monday, Judge Barcinas is expected to choose between the Retirement Fund's $118 million calculation and the COLA class calculation of $123 million.

COLA class counsel Mike Phillips said there have also been questions about the COLA computation related to the Retirement Fund and the governor's request that the court not pay the COLA class calculation of $123 million.

"For example, if the government owed a retiree $1,700 in 1991 but paid out $1,500 from the separate legislative COLA program. The Retirement Fund and the governor asked the court to subtract the amount paid from the award," Phillips said.

Phillips said what puzzles the COLA class is the governor's decision to continue denying that they don't have information from the Retirement Fund to make the promised payments when it was indicated in the judge's order and decision that COLA to anyone who received payments between 1990 and 1994.

COLA to anyone who received payments between 1990 and 1994.

"For example, if the government owed a retiree $1,700 in 1991 but paid out $1,500 from the separate legislative COLA program. The Retirement Fund and the governor asked the court to subtract the amount paid from the award," Phillips said.

Phillips said what puzzles the COLA class is the governor's detailed calculations filed in the court identify exactly who received such checks and who did not.

A footnote to Judge Barcinas' decision and order stated that "it is possible to ensure that any credit is applied only as to the exact amount received by each individual class member."

When Camacho's chief of staff George Bamba stated that they were still reviewing the figures, retirees branded this "another delaying tactic."

"How many times do they have to count and review? We've been hearing that reason. We are tired of those tactics of the governor," Bernardita Sanchez, 65, said.

Quoting Judge Barcinas' order that credits the governor for the amounts already paid to the COLA class, Phillips said it was the governor's counsel who provided evidence showing the amount to be deducted for the whole settlement.

"It was the governor who asked for the deduction. The governor is saying he doesn't have the information from the Retirement Fund to make the payments he promised. Now they are hiding from the retirees when the retirees are asking why the governor is saying some of them might not receive that much money. It is because that is what the governor asked the judge to do," Phillips stated.

Phillips said the other parties in the COLA case released the calculations but the governor has chosen to keep his calculations a secret.

"It is totally up to him now if he wants to release the information to the public or keep it secret. We have tried to get more out of the Retirement Fund but they have objected. Each party can release their calculations if they wish," Phillips added.

Democrats...
Continued from page 1

acting to the motion to dismiss process and delaying a final and just determination that the higher court is capable of issuing now," the Democrats stated.

Phillips also argued that the mission properly determined the winners of the recent election," the Democrats' lawyer asked.

Phillips said the question is not whether the Supreme Court has the Democrats stated.

The petitioners said merely recounting the votes will not resolve the question at issue in the case which is whether the Organic Act definition of a "major" spoiled ballots, on which more than one gubernatorial team was selected.

And because overvotes were not counted, the petitioners stated

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
MARSHALLS 201

**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00030 |
| Plaintiff, | |
| v. | AMENDED NOTICE OF TAKING DEPOSITION |
| MARSHALLS 201, | DATE: FRIDAY, NOVEMBER 24, 2006 |
| Defendant. | TIME: 9:30 A.M. |

### NOTICE OF TAKING DEPOSITION

TO: MIKEL W. SCHWAB, ESQ., OFFICE OF THE UNITED STATES ATTORNEY, 108 HERNAN CORTES AVENUE, SUITE 500, HAGÅTÑA, GUAM 96910

**PLEASE TAKE AMENDED NOTICE** that on **NOVEMBER 24, 2006, FRIDAY**, at the hour of **9:30 A.M.** at the Law Office of Berman O'Connor & Mann, Suite 503 Bank of Guam Bldg., 111 Chalan Santo Papa, Hagåtña, Guam 96910, Defendant MARSHALLS 201, through counsel undersigned, in the above-entitled action will take the deposition of MR. WEN YUEH LU, whose address is known to you, upon oral examination pursuant to Rule 30(a)(2)(C), Federal Rules of Civil Procedure, before a notary public or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

E:\Jean\Plds\DJB\Marshalls\ntc. depo 2.wpd

US Attorney's Office
Districts of Guam & NMI
NOV 20 2006
Time
Receiving name
Date keyed in Dbase
Entered into Dbase by

C

Pursuant to LR 30.1(c)(1), the deposition shall be recorded by videotape for subsequent trial presentation.

### CERTIFICATION
### F.R.Civ.P. 30(a)(2)(C)

Defendant certifies under F.R.Civ.P. 30(a)(2)(C) that the person for examination; that is, Mr. Wen Yueh Lu is a permanent resident and citizen of China. He is expected to only visit and remain in the United States for a period of about two (2) days on and just before November 24, 2006. The witness is expected to then leave the United States permanently. The witness is expected to be unavailable for later trial and deposition examination in the U.S.A. unless deposed. He is expected to be permanently unavailable for later trial or deposition. The witness is now unemployed and is seeking permanent employment on the high seas as a captain of another fishing vessel as soon as possible.

Dated this 17 day of November, 2006.

BERMAN O'CONNOR & MANN
Attorneys for Defendant *MARSHALLS 201*

BY: _____
DANIEL J. BERMAN

E:\Jean\Plds\DJB\Marshalls\ntc. depo 2.wpd

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
*MARSHALLS 201*

FILED
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00030 |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| MARSHALLS 201, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2006, I caused to be served a copy of the Amended Notice of Taking Deposition, on the following:

### VIA FACSIMILE & HAND DELIVERY

Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910
Facsimile: (671) 472-7215

Dated this 17th day of November, 2006.

BY: _____
JEANNETTE F. RIVERA

US Attorney's Office
Districts of Guam & NMI
NOV 20 2006
Time _____
Receiving name _____
Date keyed in Dbase _____

E:\Jean\Plds\DJB\Marshalls\COS 4.wpd