BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
*MARSHALLS 201*

# UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS 201,<br><br>Defendant. | CIVIL CASE NO. 06-00030<br><br>**DEFENDANT'S OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION TO QUASH (DEPOSITION) DISCOVERY PRIOR TO SCHEDULING ORDER** |

## DEFENDANT'S OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION TO QUASH (DEPOSITION) DISCOVERY PRIOR TO SCHEDULING ORDER

COMES NOW Defendant Marshalls 201, by and through counsel undersigned, and hereby respectfully Opposes Plaintiff United States of America (herein "USA") Motion to Quash (Deposition) Discovery Prior to Scheduling Order. Defendant has scheduled a deposition for Mr. Wen-Yueh Lu, the ex-captain of the vessel Marshalls 201, on December 7, 2006, at 9:30 a.m. Defendant's Opposition is based upon F.R.Civ.Pro. 30(a)(2)(C), its Memorandum of Points and Authorities, Declaration of Counsel, Declaration of Witness, Second Amended Notice of Taking Deposition, Certificate of Supporting Facts, together with the pleadings and record herein.

WHEREFORE, Defendant Marshalls 201 respectfully requests that the Court deny the Plaintiff USA's Motion to Quash Deposition and permit the deposition of Mr. Wen-Yueh Lu

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

ORIGINAL

as now scheduled on December 7, 2006, at 9:30 a.m. in the Guam Law Office of Defendant's counsel.

On November 21, 2006, Defendant's Second Amended Notice of Taking Deposition of Mr. Wen-Yueh Lu was served. See, Exhibit "1", Declaration of Defendant's Counsel. Plaintiff's ex parte motion refers to a prior superseded notice of deposition that had set November 24, 2006 as the date.

In summary, Defendants have tried to set the deposition first on November 21, 2006; then November 23, 2006, then on November 24, and now it remains set on December 7, 2006. Plaintiff has not stipulated to any date thus far.

Further, on November 21, 2006, Defendant served its Defendant's [Proposed] Scheduling Order and Discovery Plan Statement on Plaintiff. See, Exhibit "15", Defendant's [Proposed] Scheduling Order, attached to Declaration of Defendant's Counsel. This was in response to Plaintiff's service on the Friday, November 17, 2006, of their Plaintiff's [Proposed] Scheduling Order.

The Court has not issued a notice of Scheduling Conference yet. The pleadings closed on October 18, 2006 when Defendant filed its Answer and Counterclaim.

## I. CERTIFICATION OF SUPPORTING FACTS

Defendant Marshalls 201's Second Amended Notice of Taking Deposition and Amended Notice of Taking Deposition assert the Certification of supporting facts required pursuant to F.R.Civ.Pro. 30(a)(2)(C). See, Exhibit "1", Second Amended Notice of Taking Deposition, attached hereto. The Certification sets forth:

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

## CERTIFICATION
### F.R.Civ.P. 30(a)(2)(C)

Defendant certifies under F.R.Civ.P. 30(a)(2)(C) that the person for examination; that is, Mr. Wen Yueh Lu is a permanent resident and citizen of China. He is expected to only visit and remain in the United States for a period of about two (2) days on and just before December 7, 2006. The witness is expected to then leave the United States permanently. The witness is expected to be unavailable for later trial and deposition examination in the U.S.A. unless deposed. He is expected to be permanently unavailable for trial or later deposition. The witness is now unemployed and is seeking permanent employment on the high seas as a captain of another fishing vessel as soon as possible. See, Exhibit "1".

In addition, Declaration from the first hand, personal knowledge, of witness Mr. Wen-Yueh Lu has been sent to Guam. See, Declaration of Wen-Yueh Lu, Exhibit "2" which provides:

1. ... I am the ex-captain of the Vessel Marshalls No. 201, Defendant in this case.

2. I am a citizen and permanent resident of the Republic of China (Taiwan).

3. I do not have a right of permanent residence in the United States of America.

4. After my termination of employment with the Marshalls 201, I began to interview for any new job as a captain on the ocean and high seas.

5. I have been a captain and fish master for 16 years and offer valuable skills for immediate employment at sea, with little or no notice to myself and the parties to this case.

6. I plan to go out to sea as a captain for a new employer as soon as possible and not return anytime in the near or foreseeable future.

7. The duration of my employment on the high seas as a captain of a new

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

vessel is unknown; but a minimum term of 3 years of employment is required for the position of captain.

　　　　　8.　　I do not believe that I will be available as a witness for the trial or later deposition in the case of United States of America v. Marshalls No. 201 based on my change of permanent employment and requirement to go and work out on the ocean and high seas.

　　　　　Based on the above Declaration and Certification, no doubt should remain that the person to be examined is expected to leave the United States and be unavailable for examination in the United States unless deposed before the discovery conference. See, F.R.Civ.Pro. 30 (a)(2)(C).

## II. PROCEDURAL BACKGROUND

　　　　　On November 9, 2006, Thursday, Defendant's counsel undersigned contacted by telephone Plaintiff's counsel to set a convenient schedule for a deposition of ex-captain of the Marshalls 201, Mr. Wen-Yueh Lu in Taipei, Taiwan.

　　　　　On November 10, 2006, Friday, Defendant's counsel sent e-mail to Plaintiff's counsel that proposed the date of November 21, 2006 for deposition of ex-captain Wen-Yueh Lu in Taipei, Taiwan. See, Exhibit "3", Defendant's Attorney D. Berman, e-mail exchange with Plaintiff's Attorney M. Schwab, dated November 10, 2006.

　　　　　On November 10, 2006, Friday, Plaintiff's counsel responded by e-mail to Defendant's counsel that two problems arise. One, the U.S. State Department required a (foreign) country clearance which was time consuming. Second, Plaintiff's counsel was required to coordinate with his client agency representative(s). See, Exhibit "3", e-mail exchange dated November 10, 2006.

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

On November 13, 2006, Monday, Defendant's counsel e-mailed to Plaintiff's counsel, that the problems may be solved by a transfer of the deposition location to Guam, and granting an additional two more business days to take the deposition on November 23, 2006. See, Exhibit "4", e-mail Attorney D. Berman to Attorney M. Schwab.

On November 14, 2006, Tuesday, Defendant's counsel filed Notice of Taking of Deposition in Guam scheduled for November 23, 2006. See, Exhibit "5", Notice of Taking of Deposition of Wen-Yueh Lu.

On November 15, 2006, Wednesday, Plaintiff's counsel delivered letter to Defendant's counsel that "he (USA) approved of the idea of having depositions quickly". But, two new problems now arise. No schedule order was entered yet. And, Thanksgiving was a federal holiday and not a working day. See, Exhibit "6", Plaintiff's Attorney M. Schwab letter to Defendant's Attorney D. Berman.

On November 16, 2006, Thursday, Defendant's attorney sent e-mail to Plaintiff that the early deposition for the witness was necessary because the ex-captain is headed out to sea; the witness is interviewing as a new captain for another ship; and, the witness had plans to take a new job as soon as possible. Also, the U.S. was advised to file a motion for relief or delay to stop the deposition. See, Exhibit "7", e-mail and fax dated November 16, 2006 from Attorney D. Berman to Attorney M. Schwab.

On November 17, 2006, Friday, Plaintiff's attorney sent letter to Defendant's attorney, that underscored that service was made of a proposed schedule order. The letter stated that Plaintiffs "do not agree to an immediate deposition". See, Exhibit "8", Plaintiff's Attorney M. Schwab letter to Attorney D. Berman. However, see, Exhibit "6", that the US had approved of the idea of having "depositions quickly" existed. See, Exhibit "6",

On November 17, 2006, Defendant's attorney sent e-mail and fax to Plaintiff that cited the legal authority at F.R.Civ.Pro. 30(a)(2)(C) that grants the right to take a deposition prior to the court ordered schedule and case management conference. The reasons for the early deposition were repeated, from that explanation set forth in Exhibit "7" November 16, 2006, e-mail and fax. Again, the witness for deposition was expected to leave the United States permanently. The witness was not expected to be available for later trial or deposition in the United States unless deposed. The witness was unemployed and seeking permanent employment as a new captain for a new vessel on the high seas. See, Exhibit "9", Attorney D. Berman e-mail and fax to Attorney M. Schwab.

On November 17, 2006, Friday, Defendant's attorney served his Amended Notice of Taking Deposition. See, Exhibit "10", Amended Notice of Taking Deposition. The Certification of supporting facts required pursuant to Rule 30(a)(2)(C) is set forth in detail. See, Exhibit "10", page 2. The deposition was moved one day later to the day after Thanksgiving to satisfy the federal holiday concern.

On November 20, 2006, Monday, Attorney for Defendant sent e-mail and fax to Attorney for Plaintiff that cancelled the November 24, 2006 Deposition due to changed circumstances. See, Exhibit "11", Attorney D. Berman e-mail and fax to Attorney M. Schwab. The written inquiry asked Plaintiff's counsel for contact to arrange a new date for the deposition. Defendant's Attorney called and left message for Plaintiff's attorney in order to seek a stipulation for a new date for deposition of witness Wen-Yueh Lu.

On November 21, 2006, Tuesday, Defendant's Attorney sent e-mail and fax to Plaintiff's Attorney to confirm the previous day telephone request for a stipulated date for deposition of the ex-captain Wen-Yueh Lu. See, Exhibit "12", Attorney D. Berman e-mail and

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

fax to Attorney M. Schwab. The written inquiry requested whether to December 5, 6, 7, or 8 were suitable; or whether the USA's position was no date was suitable?

On November 21, 2006, the signed Declaration of Wen-Yueh Lu was received in Guam. See, Exhibit "2", Declaration of Wen-Yueh Lu, dated November 21, 2006.

On November 21, 2006, Plaintiff's Attorney contacted Defendant's Attorney by telephone and advised that the USA would seek ex parte motion relief from the Court to stop the deposition. Defendant objects to such relief and requests the opportunity to be heard on or after Friday, November 24, 2006.

Review of the above chronology of conferences, e-mails, faxes, letters and discussions, the parties' counsel have satisfied the meet and confer requirements of a schedule and discovery conference.

## POINTS AND AUTHORITIES

### A. DEPOSITION BEFORE PARTIES HAVE A SCHEDULE CONFERENCE AND ORDER

The treatise of 7 Moore's *Federal Practice 3d* §30.05[1][d] explains the text language of Rule 30(a)(2)(C). The treatise provides:

> **[d] Deposition Before Parties Have Met to Plan Discovery**
>
> A party must obtain leave of court to take a deposition before the parties have conferred to plan discovery as required by Rules 26(d) and (f) (*see* §30.04). ***There are two exceptions to this requirement.*** First, the parties may stipulate in writing to the taking of the deposition without leave of court. **Second, a deposition may be taken before the discovery planning meeting if the deposition notice contains a certification that the person to be examined is expected to leave the United States and be available for examination in the United States unless**

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

**deposed before the discovery conference.** The certification must be supported by facts. (Emphasis added).

Likewise, O'Connor's <u>Federal Rules</u>, Ch. 6 *Discovery*, §E *Depositions* (2006), p. 379 provides that:

> (2) *Before case-management conference.* A party must obtain leave of court to take a deposition before the FRCP 26(f) conference, unless the deposition notice contains a certification, supported by facts, that the person to be deposed is expected to leave the U.S. and will not be available for deposition in the country unless deposed before the conference. FRCP 30(a)(2)(C).

Based on the above legal treatises and text of the Rule itself, Defendant submits that its deposition of the witness Mr. Wen-Yueh Lu, the ex-captain of Marshalls 201, may proceed.

B. **LOCAL RULE 26.2**

**Local Rule 26.2 Pre-Discovery Disclosure** provides in relevant part that:

> Before any party initiates discovery, that party must submit to the opponent (a) the identity of all persons known or believed to have substantial discoverable information by the claims or defenses, together with the summary of that information; ...

On November 1, 2006, Defendant Marshalls 201 provided in writing the required Pre-Discovery Disclosure to Assistant U.S. Attorney M. Schwab. <u>See</u>, Exhibit "13", letter November 1, 2006, Attorney D. Berman to Attorney M. Schwab, Assistant U.S. Attorney Initial Discovery Disclosure. Based on this timely pre-discovery disclosure, Defendant satisfies the Local Rule 26.2 and F.R.Civ.Pro. 26. Defendant Marshalls 201 may initiate discovery.

Defendant Marshalls 201 sought the same Pre-Discovery Disclosure from Plaintiff United States. <u>See</u>, Exhibit "14", Letter Attorney D. Berman to Attorney M. Schwab, Assistant

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd

U.S. Attorney, requesting pre-discovery disclosures from the United States. However, to the present, no discovery whatsoever, pre-discovery or initial discovery disclosures, has been received by Defendant Marshalls 201.

In light of the above diligence and satisfaction of Federal Rules of Civil Procedure and Local Rules, Defendant Marshalls 201 submits that, at least, the deposition of ex-captain Wen-Yueh Lu should proceed as scheduled.

## CONCLUSION

Beginning on November 9, 2006, Defendant's counsel has made many efforts to satisfy and cure each of Plaintiff's concerns regarding the taking and Notice of Deposition of Mr. Wen-Yueh Lu. Most of the objections have been satisfied, except one. Rule 30(a)(2)(C) seems to satisfy the last objection regarding a Scheduling Conference.

Defendant's Motion to Quash Notice of Deposition should be denied and permit the deposition of Mr. Wen-Yueh Lu as now scheduled on December 7, 2006, at 9:30 a.m. in the Guam Law Office of Defendant's counsel.

Dated this 22 day of November, 2006.

BERMAN O'CONNOR & MANN
Attorneys for Defendant *MARSHALLS 201*

BY: _____
DANIEL J. BERMAN

E:\Jean\Plds\DJB\Marshalls\Oppo Quash.wpd