# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARSHALLS 201,<br><br>Defendant. | Civil Case No. 06-00030<br><br><br><br>ORDER |

Presently before the Court is the Plaintiff's Motion to Quash Discovery Prior to Scheduling Order ("Motion to Quash"). (Docket No. 28.) Because the Defendant has already filed an opposition (Docket No. 33) to said motion, and because the Court believes further oral argument on the matter would not assist it in reaching a determination, the Court hereby denies the Plaintiff's *Ex Parte* Application to Shorten Time for Hearing ("Application to Shorten Time"). (Docket No. 29.) Based on the record before it, the Court issues the following Order denying the Motion to Quash.

**FACTS**

On November 14, 2006, the Defendant filed a Notice of Taking Deposition of Mr. Wen Yueh Lu, which was scheduled to occur on November 23, 2006. (Docket No. 22.) In response to the Plaintiff's objection to said deposition taking place on Thanksgiving Day (a federal holiday) and before the Rule 16 scheduling conference, the Defendant filed an Amended Notice of Taking Deposition (Docket No. 25), which purportedly rescheduled the deposition of Mr.

Wen Yueh Lu to November 24, 2006. The Amended Notice made reference to Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure.

On November 20, 2006, counsel for the Defendant, Daniel Berman, sent an e-mail to the Plaintiff's counsel, Assistant United States Attorney Mikel Schwab, advising him that due to a change in circumstances, the November 24 deposition of Mr. Wen-Yueh Lu would have to be rescheduled. (Berman Decl., Docket No. 34, at ¶15.) Additionally, Mr. Berman asked Mr. Schwab to contact him "to discuss a mutually agreed date" to reschedule said deposition with a condition that the deposition not be continued for more than two weeks. (Id. and Exhibit 11 attached thereto.)

When an agreement could not be reached between counsel, the Plaintiff filed the instant Motion to Quash and Application to Shorten Time on November 22, 2006. Later that day, the Defendant filed its opposition to the Motion to Quash and a Second Amended Notice of Taking Deposition which scheduled the deposition of Mr. Wen Yueh Lu for December 7, 2006. (Docket No. 32.)

**ANALYSIS**

The Plaintiff seeks an Order quashing the Notice of Deposition. The Plaintiff asserts the Defendant should not be able to conduct a deposition without approval from the Court prior to the issuance of a Rule 16 Scheduling Order. The Plaintiff claims that "a time and place for any such deposition [should] be scheduled during the discovery period and with enough notice for the client agencies of the United States to participate meaningfully in the deposition." (Mot., Docket No. 28, at 2.)

The Defendant, on the other hand, asserts that Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure does not require it to seek prior court approval before proceeding forward with the scheduled deposition of Mr. Wen Yueh Lu. Rule 30(a)(2)(C) in pertinent part provides:

> A party must obtain leave of court . . .if, without the written stipulation of the parties, . . . a party seeks to take a deposition before the time specified in Rule 26(d) *unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.*

Fed. R. Civ. P. 30(a)(2)(C) (emphasis added).

The Defendant contends that it has met the procedural requirements of Rule 30(a)(2)(C) because its Second Amended Notice of Taking Deposition contains the following certification and supporting facts:

> Defendant certifies under [Fed. R. Civ. P.] 30(a)(2)(C) that the person for examination; that is Mr. Wen Yueh Lu is a permanent resident and citizen of China. He is expected to only visit and remain in the United States for a period of about two (2) days on and just before December 7, 2006. The witness is expected to then leave the United States permanently. The witness is expected to be unavailable for later trial and deposition examination in the U.S.A. unless deposed. He is expected to be permanently unavailable for trial or later deposition. The witness is now unemployed and is seeking permanent employment on the high seas as a captain of another fishing vessel as soon as possible.

(Docket No. 32 at 2.)

According to one learned treatise, the special notice procedure of Rule 30(a)(2)(C) "was the resolution of a long and troublesome dispute between the admiralty bar and those whose experience is with general civil litigation." 8A WRIGHT, MILLER & MARCUS, *Federal Practice and Procedure* §2105 at 52 (2d ed. 1994). The treatise provides further history on this rule:

> The *de bene esse* statutes have long allowed depositions to be taken if, among other circumstances, the witness was bound on a voyage to sea. It was a common practice in maritime litigation to take depositions immediately upon filing the complaint to avoid the possibility of witnesses sailing away while plaintiff was obtaining leave of court.
>
> This provided to be one of the most difficult points in the unification of admiralty procedure and civil procedure in 1966. The admiralty bar was not willing to abandon its practice of taking depositions immediately and the civil bar was equally unwilling to accept that practice for ordinary litigation. The result was an awkward and unhappy compromise. . . . Rule 26(a), as amended in 1966, provided that in an admiralty or maritime case identified as such depositions might be taken under the *de bene esse* statutes as an alternative to taking them under the Civil Rules, with their requirement for leave of court at the outset of litigation. The Advisory Committee Note to that 1966 amendment stated that a continuing study was being made in an effort to devise a modification of the leave requirement appropriate to both civil and admiralty practice.
>
> The study bore fruit in 1970. Rule 30 was amended to replace the *de bene esse* statutes and provide a formula applicable to ordinary civil as well as martime claims. It allowed plaintiff's attorney to certify to facts showing an urgent need for an immediate deposition. Counsel who so certified in the notice of taking the deposition could proceed immediately to take the deposition without leave of court.
>
> Under the 1970 version, the notice had to state that the person to be examined would be unavailable for examination unless his or her deposition is taken before expiration of the 30-day period. The notice also had to state either that the

> witness was about to go out of the district where the action was pending and more than 100 miles from the place of trial, or about to go out of the United States, or bound on a voyage to sea. The notice had to set forth facts to support the statement that these conditions are met.
>
> The 1993 amendment narrowed this option, and Rule 30(a)(2)(C) now provides that the notice must certify, with supporting facts, "that the person to be examined is expected to leave the United States and be unavailable for examination in the country unless deposed before" the Rule 26(f) conference. . . .

Id. at 52-54 (footnotes omitted).

The Court has reviewed the certification contained in the Second Amended Notice of Taking Deposition and the declaration of Mr. Wen Yueh Lu (Docket No. 36). The deponent is expected to be bound for a voyage to sea as the captain of another fishing vessel. It is expected that the deponent will be unavailable for trial or later deposition in the United States unless deposed before the Rule 26(f) conference. Based on these facts, the Court finds that the Defendant has complied with the requirements of Rule 30(a)(2)(C). Accordingly, it was not necessary for the Defendant to seek and obtain court approval before scheduling the deposition of Mr. Wen Yueh Lu.

The Plaintiff next argues that without the stipulation of both parties, the Local Rules of Practice for the District Court of Guam require the Defendant to apply to the Court for discovery that takes place outside the Scheduling Order.

Local Rule LR 26.2 requires that before any party initiates discovery, said party must submit certain prediscovery disclosures to the opponent. The Defendant claims these prediscovery disclosures were provided to the Plaintiff on November 1, 2006. See Berman Decl. at ¶19 and Exh. 13 thereto. Because the Defendant has satisfied the requirements of both the Federal Rules of Civil Procedure and the Local Rules, the deposition of Mr. Wen Yueh Lu shall proceed as scheduled. The Plaintiff has had 15 days notice of the deposition scheduled for December 7, 2006. Under the circumstances, this is more than sufficient notice for the client agencies of the United States to participate meaningfully in the upcoming deposition.

///
///
///

**CONCLUSION**

For the reasons set forth above, the Court hereby DENIES both the Motion to Quash (Docket No. 28) and the Application to Shorten Time (Docket No. 29).

SO ORDERED this 30th day of November 2006.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**