# EXHIBIT "I"

[Congressional Record: April 11, 2000 (House)]
[Page H2040-H2054]
From the Congressional Record Online via GPO Access [wais.access.gpo.gov]
[DOCID:cr11ap00-81]


CIVIL ASSET FORFEITURE REFORM ACT OF 2000

  Mr. HYDE. Mr. Speaker, I move to suspend the rules and concur in the
Senate amendment to the bill (H.R. 1658) to provide a more just and
uniform procedure for Federal civil forfeitures, and for other
purposes.
  The Clerk read as follows:

      Senate amendment:
      Strike out all after the enacting clause and insert:

    SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

      (a) Short Title.--This Act may be cited as the ``Civil
    Asset Forfeiture Reform Act of 2000''.
      (b) Table of Contents.--The table of contents for this Act
    is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Creation of general rules relating to civil forfeiture
          proceedings.
Sec. 3. Compensation for damage to seized property.
Sec. 4. Attorney fees, costs, and interest.
Sec. 5. Seizure warrant requirement.
Sec. 6. Use of forfeited funds to pay restitution to crime victims.
Sec. 7. Civil forfeiture of real property.
Sec. 8. Stay of civil forfeiture case.
Sec. 9. Civil restraining orders.
Sec. 10. Cooperation among Federal prosecutors.
Sec. 11. Statute of limitations for civil forfeiture actions.
Sec. 12. Destruction or removal of property to prevent seizure.
Sec. 13. Fungible property in bank accounts.
Sec. 14. Fugitive disentitlement.
Sec. 15. Enforcement of foreign forfeiture judgment.
Sec. 16. Encouraging use of criminal forfeiture as an alternative to
          civil forfeiture.
Sec. 17. Access to records in bank secrecy jurisdictions
Sec. 18. Application to alien smuggling offenses.
Sec. 19. Enhanced visibility of the asset forfeiture program.
Sec. 20. Proceeds.
Sec. 21. Effective date.

    SEC. 2. CREATION OF GENERAL RULES RELATING TO CIVIL
              FORFEITURE PROCEEDINGS.

      (a) In General.--Chapter 46 of title 18, United States
    Code, is amended by inserting after section 982 the
    following:

    ``Sec. 983. General rules for civil forfeiture proceedings

      ``(a) Notice; Claim; Complaint.--

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 2 of 25

``(1)(A)(i) Except as provided in clauses (ii) through (v),
in any nonjudicial civil forfeiture proceeding under a civil
forfeiture statute, with respect to which the Government is
required to send written notice to interested parties, such
notice shall be sent in a manner to achieve proper notice as
soon as practicable, and in no case more than 60 days after
the date of the seizure.
    ``(ii) No notice is required if, before the 60-day period
expires, the Government files a civil judicial forfeiture
action against the property and provides notice of that
action as required by law.
    ``(iii) If, before the 60-day period expires, the
Government does not file a civil judicial forfeiture action,
but does obtain a criminal indictment containing an
allegation that the property

[[Page H2041]]

is subject to forfeiture, the government shall either--
    ``(I) send notice within the 60 days and continue the
nonjudicial civil forfeiture proceeding under this section;
or
    ``(II) terminate the nonjudicial civil forfeiture
proceeding, and take the steps necessary to preserve its
right to maintain custody of the property as provided in the
applicable criminal forfeiture statute.
    ``(iv) In a case in which the property is seized by a State
or local law enforcement agency and turned over to a Federal
law enforcement agency for the purpose of forfeiture under
Federal law, notice shall be sent not more than 90 days after
the date of seizure by the State or local law enforcement
agency.
    ``(v) If the identity or interest of a party is not
determined until after the seizure or turnover but is
determined before a declaration of forfeiture is entered,
notice shall be sent to such interested party not later than
60 days after the determination by the Government of the
identity of the party or the party's interest.
    ``(B) A supervisory official in the headquarters office of
the seizing agency may extend the period for sending notice
under subparagraph (A) for a period not to exceed 30 days
(which period may not be further extended except by a court),
if the official determines that the conditions in
subparagraph (D) are present.
    ``(C) Upon motion by the Government, a court may extend the
period for sending notice under subparagraph (A) for a period
not to exceed 60 days, which period may be further extended
by the court for 60-day periods, as necessary, if the court
determines, based on a written certification of a supervisory
official in the headquarters office of the seizing agency,
that the conditions in subparagraph (D) are present.
    ``(D) The period for sending notice under this paragraph
may be extended only if there is reason to believe that
notice may have an adverse result, including--
    ``(i) endangering the life or physical safety of an
individual;
    ``(ii) flight from prosecution;
    ``(iii) destruction of or tampering with evidence;
    ``(iv) intimidation of potential witnesses; or
    ``(v) otherwise seriously jeopardizing an investigation or

unduly delaying a trial.
    ``(E) Each of the Federal seizing agencies conducting
nonjudicial forfeitures under this section shall report
periodically to the Committees on the Judiciary of the House
of Representatives and the Senate the number of occasions
when an extension of time is granted under subparagraph (B).
    ``(F) If the Government does not send notice of a seizure
of property in accordance with subparagraph (A) to the person
from whom the property was seized, and no extension of time
is granted, the Government shall return the property to that
person without prejudice to the right of the Government to
commence a forfeiture proceeding at a later time. The
Government shall not be required to return contraband or
other property that the person from whom the property was
seized may not legally possess.
    ``(2)(A) Any person claiming property seized in a
nonjudicial civil forfeiture proceeding under a civil
forfeiture statute may file a claim with the appropriate
official after the seizure.
    ``(B) A claim under subparagraph (A) may be filed not later
than the deadline set forth in a personal notice letter
(which deadline may be not earlier than 35 days after the
date the letter is mailed), except that if that letter is not
received, then a claim may be filed not later than 30 days
after the date of final publication of notice of seizure.
    ``(C) A claim shall--
    ``(i) identify the specific property being claimed;
    ``(ii) state the claimant's interest in such property (and
provide customary documentary evidence of such interest if
available) and state that the claim is not frivolous; and
    ``(iii) be made under oath, subject to penalty of perjury.
    ``(D) A claim need not be made in any particular form. Each
Federal agency conducting nonjudicial forfeitures under this
section shall make claim forms generally available on
request, which forms shall be written in easily
understandable language.
    ``(E) Any person may make a claim under subparagraph (A)
without posting bond with respect to the property which is
the subject of the claim.
    ``(3)(A) Not later than 90 days after a claim has been
filed, the Government shall file a complaint for forfeiture
in the manner set forth in the Supplemental Rules for Certain
Admiralty and Maritime Claims or return the property pending
the filing of a complaint, except that a court in the
district in which the complaint will be filed may extend the
period for filing a complaint for good cause shown or upon
agreement of the parties.
    ``(B) If the Government does not--
    ``(i) file a complaint for forfeiture or return the
property, in accordance with subparagraph (A); or
    ``(ii) before the time for filing a complaint has expired--
    ``(I) obtain a criminal indictment containing an allegation
that the property is subject to forfeiture; and
    ``(II) take the steps necessary to preserve its right to
maintain custody of the property as provided in the
applicable criminal forfeiture statute,
the Government shall promptly release the property pursuant
to regulations promulgated by the Attorney General, and may
not take any further action to effect the civil forfeiture of
such property in connection with the underlying offense.

``(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

``(D) No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

``(4)(A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

``(B) A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

``(b) Representation.--

``(1)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

``(B) In determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account such factors as--

``(i) the person's standing to contest the forfeiture; and

``(ii) whether the claim appears to be made in good faith.

``(2)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

``(B)(i) At appropriate times during a representation under subparagraph (A), the Legal Services Corporation shall submit a statement of reasonable attorney fees and costs to the court.

``(ii) The court shall enter a judgment in favor of the Legal Services Corporation for reasonable attorney fees and costs submitted pursuant to clause (i) and treat such judgment as payable under section 2465 of title 28, United States Code, regardless of the outcome of the case.

``(3) The court shall set the compensation for representation under this subsection, which shall be equivalent to that provided for court-appointed

representation under section 3006A of this title.
``(c) Burden of Proof.--In a suit or action brought under
any civil forfeiture statute for the civil forfeiture of any
property--
``(1) the burden of proof is on the Government to
establish, by a preponderance of the evidence, that the
property is subject to forfeiture;
``(2) the Government may use evidence gathered after the
filing of a complaint for forfeiture to establish, by a
preponderance of the evidence, that property is subject to
forfeiture; and
``(3) if the Government's theory of forfeiture is that the
property was used to commit or facilitate the commission of a
criminal offense, or was involved in the commission of a
criminal offense, the Government shall establish that there
was a substantial connection between the property and the
offense.
``(d) Innocent Owner Defense.--
``(1) An innocent owner's interest in property shall not be
forfeited under any civil forfeiture statute. The claimant
shall have the burden of proving that the claimant is an
innocent owner by a preponderance of the evidence.
``(2)(A) With respect to a property interest in existence
at the time the illegal conduct giving rise to forfeiture
took place, the term `innocent owner' means an owner who--
``(i) did not know of the conduct giving rise to
forfeiture; or
``(ii) upon learning of the conduct giving rise to the
forfeiture, did all that reasonably could be expected under
the circumstances to terminate such use of the property.
``(B)(i) For the purposes of this paragraph, ways in which
a person may show that such person did all that reasonably
could be expected may include demonstrating that such person,
to the extent permitted by law--
``(I) gave timely notice to an appropriate law enforcement
agency of information that led the person to know the conduct
giving rise to a forfeiture would occur or has occurred; and
``(II) in a timely fashion revoked or made a good faith
attempt to revoke permission for those engaging in such
conduct to use the property or took reasonable actions in
consultation with a law enforcement agency to discourage or
prevent the illegal use of the property.
``(ii) A person is not required by this subparagraph to
take steps that the person reasonably believes would be
likely to subject any person (other than the person whose
conduct gave rise to the forfeiture) to physical danger.
``(3)(A) With respect to a property interest acquired after
the conduct giving rise to the forfeiture has taken place,
the term `innocent owner' means a person who, at the time
that person acquired the interest in the property--
``(i) was a bona fide purchaser or seller for value
(including a purchaser or seller of goods or services for
value); and
``(ii) did not know and was reasonably without cause to
believe that the property was subject to forfeiture.

[[Page H2042]]

``(B) An otherwise valid claim under subparagraph (A) shall
not be denied on the ground that the claimant gave nothing of

value in exchange for the property if--
     ``(i) the property is the primary residence of the
claimant;
     ``(ii) depriving the claimant of the property would deprive
the claimant of the means to maintain reasonable shelter in
the community for the claimant and all dependents residing
with the claimant;
     ``(iii) the property is not, and is not traceable to, the
proceeds of any criminal offense; and
     ``(iv) the claimant acquired his or her interest in the
property through marriage, divorce, or legal separation, or
the claimant was the spouse or legal dependent of a person
whose death resulted in the transfer of the property to the
claimant through inheritance or probate;
except that the court shall limit the value of any real
property interest for which innocent ownership is recognized
under this subparagraph to the value necessary to maintain
reasonable shelter in the community for such claimant and all
dependents residing the claimant.
     ``(4) Notwithstanding any provision of this subsection, no
person may assert an ownership interest under this subsection
in contraband or other property that it is illegal to
possess.
     ``(5) If the court determines, in accordance with this
section, that an innocent owner has a partial interest in
property otherwise subject to forfeiture, or a joint tenancy
or tenancy by the entirety in such property, the court may
enter an appropriate order--
     ``(A) severing the property;
     ``(B) transferring the property to the Government with a
provision that the Government compensate the innocent owner
to the extent of his or her ownership interest once a final
order of forfeiture has been entered and the property has
been reduced to liquid assets; or
     ``(C) permitting the innocent owner to retain the property
subject to a lien in favor of the Government to the extent of
the forfeitable interest in the property.
     ``(6) In this subsection, the term `owner'--
     ``(A) means a person with an ownership interest in the
specific property sought to be forfeited, including a
leasehold, lien, mortgage, recorded security interest, or
valid assignment of an ownership interest; and
     ``(B) does not include--
     ``(i) a person with only a general unsecured interest in,
or claim against, the property or estate of another;
     ``(ii) a bailee unless the bailor is identified and the
bailee shows a colorable legitimate interest in the property
seized; or
     ``(iii) a nominee who exercises no dominion or control over
the property.
     ``(e) Motion To Set Aside Forfeiture.--
     ``(1) Any person entitled to written notice in any
nonjudicial civil forfeiture proceeding under a civil
forfeiture statute who does not receive such notice may file
a motion to set aside a declaration of forfeiture with
respect to that person's interest in the property, which
motion shall be granted if--
     ``(A) the Government knew, or reasonably should have known,
of the moving party's interest and failed to take reasonable
steps to provide such party with notice; and

WAIS Document Retrieval

Page 7 of 45

``(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

``(2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

``(B) Any proceeding described in subparagraph (A) shall be commenced--

``(i) if nonjudicial, within 60 days of the entry of the order granting the motion; or

``(ii) if judicial, within 6 months of the entry of the order granting the motion.

``(3) A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

``(4) If, at the time a motion made under paragraph (1) is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.

``(5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

``(f) Release Of Seized Property.--

``(1) A claimant under subsection (a) is entitled to immediate release of seized property if--

``(A) the claimant has a possessory interest in the property;

``(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

``(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

``(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

``(E) none of the conditions set forth in paragraph (8) applies.

``(2) A claimant seeking release of property under this subsection must request possession of the property from the appropriate official, and the request must set forth the basis on which the requirements of paragraph (1) are met.

``(3)(A) If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

``(B) The petition described in subparagraph (A) shall set forth--

http://frwebgate1.access.gpo.gov/cgi-bin/waisgate.cgi?WAISdocID=77321213002840+0... 10/19/2007

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 8 of 25

``(i) the basis on which the requirements of paragraph (1) are met; and

``(ii) the steps the claimant has taken to secure release of the property from the appropriate official.

``(4) If the Government establishes that the claimant's claim is frivolous, the court shall deny the petition. In responding to a petition under this subsection on other grounds, the Government may in appropriate cases submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

``(5) The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown.

``(6) If--

``(A) a petition is filed under paragraph (3); and

``(B) the claimant demonstrates that the requirements of paragraph (1) have been met;
the district court shall order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property.

``(7) If the court grants a petition under paragraph (3)--

``(A) the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including--

``(i) permitting the inspection, photographing, and inventory of the property;

``(ii) fixing a bond in accordance with rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

``(iii) requiring the claimant to obtain or maintain insurance on the subject property; and

``(B) the Government may place a lien against the property or file a lis pendens to ensure that the property is not transferred to another person.

``(8) This subsection shall not apply if the seized property--

``(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

``(B) is to be used as evidence of a violation of the law;

``(C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or

``(D) is likely to be used to commit additional criminal acts if returned to the claimant.

``(g) Proportionality.--

``(1) The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

``(2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.

``(3) The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.

``(4) If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate

the forfeiture as necessary to avoid a violation of the
Excessive Fines Clause of the Eighth Amendment of the
Constitution.
        ``(h) Civil Fine.--
        ``(1) In any civil forfeiture proceeding under a civil
forfeiture statute in which the Government prevails, if the
court finds that the claimant's assertion of an interest in
the property was frivolous, the court may impose a civil fine
on the claimant of an amount equal to 10 percent of the value
of the forfeited property, but in no event shall the fine be
less than $250 or greater than $5,000.
        ``(2) Any civil fine imposed under this subsection shall
not preclude the court from imposing sanctions under rule 11
of the Federal Rules of Civil Procedure.
        ``(3) In addition to the limitations of section 1915 of
title 28, United States Code, in no event shall a prisoner
file a claim under a civil forfeiture statute or appeal a
judgment in a civil action or proceeding based on a civil
forfeiture statute if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any facility,
brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous or
malicious, unless the prisoner shows extraordinary and
exceptional circumstances.
        ``(i) Civil Forfeiture Statute Defined.--In this section,
the term `civil forfeiture statute'--
        ``(1) means any provision of Federal law providing for the
forfeiture of property other than as a sentence imposed upon
conviction of a criminal offense; and
        ``(2) does not include--
        ``(A) the Tariff Act of 1930 or any other provision of law
codified in title 19;
        ``(B) the Internal Revenue Code of 1986;
        ``(C) the Federal Food, Drug, and Cosmetic Act (21 U.S.C.
301 et seq.);
        ``(D) the Trading with the Enemy Act (50 U.S.C. App. 1 et
seq.); or
        ``(E) section 1 of title VI of the Act of June 15, 1917 (40
Stat. 233; 22 U.S.C. 401).''.
        (b) Technical and Conforming Amendment.--The analysis for
chapter 46 of title 18,

[[Page H2043]]

    United States Code, is amended by inserting after the item
relating to section 982 the following:

``983. General rules for civil forfeiture proceedings.''.

        (c) Striking Superseded Provisions.--
        (1) Civil forfeiture.--Section 981(a) of title 18, United
States Code, is amended--
        (A) in paragraph (1), by striking ``Except as provided in
paragraph (2), the'' and inserting ``The''; and
        (B) by striking paragraph (2).
        (2) Drug forfeitures.--Paragraphs (4), (6) and (7) of
section 511(a) of the Controlled Substances Act (21 U.S.C.
881(a) (4), (6) and (7)) are each amended by striking ``,
except that'' and all that follows before the period at the
end.

(3) Automobiles.--Section 518 of the Controlled Substances
Act (21 U.S.C. 888) is repealed.
(4) Forfeitures in connection with sexual exploitation of
children.--Paragraphs (2) and (3) of section 2254(a) of title
18, United States Code, are each amended by striking ``,
except that'' and all that follows before the period at the
end.
(d) Legal Services Corporation Representation.--Section
1007(a) of the Legal Services Corporation Act (42 U.S.C.
2996f(a)) is amended--
(1) in paragraph (9), by striking ``and'' after the
semicolon;
(2) In paragraph (10), by striking the period and inserting
``; and''; and
(3) by adding at the end the following:
``(11) ensure that an indigent individual whose primary
residence is subject to civil forfeiture is represented by an
attorney for the Corporation in such civil action.''

SEC. 3. COMPENSATION FOR DAMAGE TO SEIZED PROPERTY.

(a) Tort Claims Act.--Section 2680(c) of title 28, United
States Code, is amended--
(1) by striking ``any goods or merchandise'' and inserting
``any goods, merchandise, or other property'';
(2) by striking ``law-enforcement'' and inserting ``law
enforcement''; and
(3) by inserting before the period at the end the
following: ``, except that the provisions of this chapter and
section 1346(b) of this title apply to any claim based on
injury or loss of goods, merchandise, or other property,
while in the possession of any officer of customs or excise
or any other law enforcement officer, if--
``(1) the property was seized for the purpose of forfeiture
under any provision of Federal law providing for the
forfeiture of property other than as a sentence imposed upon
conviction of a criminal offense;
``(2) the interest of the claimant was not forfeited;
``(3) the interest of the claimant was not remitted or
mitigated (if the property was subject to forfeiture); and
``(4) the claimant was not convicted of a crime for which
the interest of the claimant in the property was subject to
forfeiture under a Federal criminal forfeiture law.''.
(b) Department of Justice.--
(1) In general.--With respect to a claim that cannot be
settled under chapter 171 of title 28, United States Code,
the Attorney General may settle, for not more than $50,000 in
any case, a claim for damage to, or loss of, privately owned
property caused by an investigative or law enforcement
officer (as defined in section 2680(h) of title 28, United
States Code) who is employed by the Department of Justice
acting within the scope of his or her employment.
(2) Limitations.--The Attorney General may not pay a claim
under paragraph (1) that--
(A) is presented to the Attorney General more than 1 year
after it accrues; or
(B) is presented by an officer or employee of the Federal
Government and arose within the scope of employment.

SEC. 4. ATTORNEY FEES, COSTS, AND INTEREST.

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 11 of 25

        (a) In general.--Section 2465 of title 28, United States
Code, is amended to read as follows:

``Sec. 2465. Return of property to claimant; liability for
  wrongful seizure; attorney fees, costs, and interest

    ``(a) Upon the entry of a judgment for the claimant in any
proceeding to condemn or forfeit property seized or arrested
under any provision of Federal law--
    ``(1) such property shall be returned forthwith to the
claimant or his agent; and
    ``(2) if it appears that there was reasonable cause for the
seizure or arrest, the court shall cause a proper certificate
thereof to be entered and, in such case, neither the person
who made the seizure or arrest nor the prosecutor shall be
liable to suit or judgment on account of such suit or
prosecution, nor shall the claimant be entitled to costs,
except as provided in subsection (b).
    ``(b)(1) Except as provided in paragraph (2), in any civil
proceeding to forfeit property under any provision of Federal
law in which the claimant substantially prevails, the United
States shall be liable for--
    ``(A) reasonable attorney fees and other litigation costs
reasonably incurred by the claimant;
    ``(B) post-judgment interest, as set forth in section 1961
of this title; and
    ``(C) in cases involving currency, other negotiable
instruments, or the proceeds of an interlocutory sale--
    ``(i) interest actually paid to the United States from the
date of seizure or arrest of the property that resulted from
the investment of the property in an interest-bearing account
or instrument; and
    ``(ii) an imputed amount of interest that such currency,
instruments, or proceeds would have earned at the rate
applicable to the 30-day Treasury Bill, for any period during
which no interest was paid (not including any period when the
property reasonably was in use as evidence in an official
proceeding or in conducting scientific tests for the purpose
of collecting evidence), commencing 15 days after the
property was seized by a Federal law enforcement agency, or
was turned over to a Federal law enforcement agency by a
State or local law enforcement agency.
    ``(2)(A) The United States shall not be required to
disgorge the value of any intangible benefits nor make any
other payments to the claimant not specifically authorized by
this subsection.
    ``(B) The provisions of paragraph (1) shall not apply if
the claimant is convicted of a crime for which the interest
of the claimant in the property was subject to forfeiture
under a Federal criminal forfeiture law.
    ``(C) If there are multiple claims to the same property,
the United States shall not be liable for costs and attorneys
fees associated with any such claim if the United States--
    ``(i) promptly recognizes such claim;
    ``(ii) promptly returns the interest of the claimant in the
property to the claimant, if the property can be divided
without difficulty and there are no competing claims to that
portion of the property;
    ``(iii) does not cause the claimant to incur additional,

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 12 of 25

reasonable costs or fees; and
    ``(iv) prevails in obtaining forfeiture with respect to one
or more of the other claims.
    ``(D) If the court enters judgment in part for the claimant
and in part for the Government, the court shall reduce the
award of costs and attorney fees accordingly.''.
    (b) Technical and Conforming Amendment.--The analysis for
chapter 163 of title 28, United States Code, is amended by
striking the item relating to section 2465 and inserting
following:

``2465. Return of property to claimant; liability for wrongful seizure;
            attorney fees, costs, and interest.''.

    SEC. 5. SEIZURE WARRANT REQUIREMENT.

    (a) In General.--Section 981(b) of title 18, United States
Code, is amended to read as follows:
    ``(b)(1) Except as provided in section 985, any property
subject to forfeiture to the United States under subsection
(a) may be seized by the Attorney General and, in the case of
property involved in a violation investigated by the
Secretary of the Treasury or the United States Postal
Service, the property may also be seized by the Secretary of
the Treasury or the Postal Service, respectively.
    ``(2) Seizures pursuant to this section shall be made
pursuant to a warrant obtained in the same manner as provided
for a search warrant under the Federal Rules of Criminal
Procedure, except that a seizure may be made without a
warrant if--
    ``(A) a complaint for forfeiture has been filed in the
United States district court and the court issued an arrest
warrant in rem pursuant to the Supplemental Rules for Certain
Admiralty and Maritime Claims;
    ``(B) there is probable cause to believe that the property
is subject to forfeiture and--
    ``(i) the seizure is made pursuant to a lawful arrest or
search; or
    ``(ii) another exception to the Fourth Amendment warrant
requirement would apply; or
    ``(C) the property was lawfully seized by a State or local
law enforcement agency and transferred to a Federal agency.
    ``(3) Notwithstanding the provisions of rule 41(a) of the
Federal Rules of Criminal Procedure, a seizure warrant may be
issued pursuant to this subsection by a judicial officer in
any district in which a forfeiture action against the
property may be filed under section 1355(b) of title 28, and
may be executed in any district in which the property is
found, or transmitted to the central authority of any foreign
state for service in accordance with any treaty or other
international agreement. Any motion for the return of
property seized under this section shall be filed in the
district court in which the seizure warrant was issued or in
the district court for the district in which the property was
seized.
    ``(4)(A) If any person is arrested or charged in a foreign
country in connection with an offense that would give rise to
the forfeiture of property in the United States under this
section or under the Controlled Substances Act, the Attorney
General may apply to any Federal judge or magistrate judge in

the district in which the property is located for an ex parte
order restraining the property subject to forfeiture for not
more than 30 days, except that the time may be extended for
good cause shown at a hearing conducted in the manner
provided in rule 43(e) of the Federal Rules of Civil
Procedure.
    ``(B) The application for the restraining order shall set
forth the nature and circumstances of the foreign charges and
the basis for belief that the person arrested or charged has
property in the United States that would be subject to
forfeiture, and shall contain a statement that the
restraining order is needed to preserve the availability of
property for such time as is necessary to receive evidence
from the foreign country or elsewhere in support of probable
cause for the seizure of the property under this
subsection.''.
    (b) Drug Forfeitures.--Section 511(b) of the Controlled
Substances Act (21 U.S.C. 881(b)) is amended to read as
follows:
    ``(b) Seizure Procedures.--Any property subject to
forfeiture to the United States under this section may be
seized by the Attorney General in the manner set forth in
section 981(b) of title 18, United States Code.''.

SEC. 6. USE OF FORFEITED FUNDS TO PAY RESTITUTION TO CRIME
            VICTIMS.

    Section 981(e) of title 18, United States Code, is amended
by striking paragraph (6) and inserting the following:
    ``(6) as restoration to any victim of the offense giving
rise to the forfeiture, including, in the case of a money
laundering offense, any offense

[[Page H2044]]

constituting the underlying specified unlawful activity;
or''.

SEC. 7. CIVIL FORFEITURE OF REAL PROPERTY.

    (a) In General.--Chapter 46 of title 18, United States
Code, is amended by inserting after section 984 the
following:

``Sec. 985. Civil forfeiture of real property

    ``(a) Notwithstanding any other provision of law, all civil
forfeitures of real property and interests in real property
shall proceed as judicial forfeitures.
    ``(b)(1) Except as provided in this section--
    ``(A) real property that is the subject of a civil
forfeiture action shall not be seized before entry of an
order of forfeiture; and
    ``(B) the owners or occupants of the real property shall
not be evicted from, or otherwise deprived of the use and
enjoyment of, real property that is the subject of a pending
forfeiture action.
    ``(2) The filing of a lis pendens and the execution of a
writ of entry for the purpose of conducting an inspection and
inventory of the property shall not be considered a seizure

under this subsection.
    ``(c)(1) The Government shall initiate a civil forfeiture
action against real property by--
    ``(A) filing a complaint for forfeiture;
    ``(B) posting a notice of the complaint on the property;
and
    ``(C) serving notice on the property owner, along with a
copy of the complaint.
    ``(2) If the property owner cannot be served with the
notice under paragraph (1) because the owner--
    ``(A) is a fugitive;
    ``(B) resides outside the United States and efforts at
service pursuant to rule 4 of the Federal Rules of Civil
Procedure are unavailing; or
    ``(C) cannot be located despite the exercise of due
diligence,
constructive service may be made in accordance with the laws
of the State in which the property is located.
    ``(3) If real property has been posted in accordance with
this subsection, it shall not be necessary for the court to
issue an arrest warrant in rem, or to take any other action
to establish in rem jurisdiction over the property.
    ``(d)(1) Real property may be seized prior to the entry of
an order of forfeiture if--
    ``(A) the Government notifies the court that it intends to
seize the property before trial; and
    ``(B) the court--
    ``(i) issues a notice of application for warrant, causes
the notice to be served on the property owner and posted on
the property, and conducts a hearing in which the property
owner has a meaningful opportunity to be heard; or
    ``(ii) makes an ex parte determination that there is
probable cause for the forfeiture and that there are exigent
circumstances that permit the Government to seize the
property without prior notice and an opportunity for the
property owner to be heard.
    ``(2) For purposes of paragraph (1)(B)(ii), to establish
exigent circumstances, the Government shall show that less
restrictive measures such as a lis pendens, restraining
order, or bond would not suffice to protect the Government's
interests in preventing the sale, destruction, or continued
unlawful use of the real property.
    ``(e) If the court authorizes a seizure of real property
under subsection (d)(1)(B)(ii), it shall conduct a prompt
post-seizure hearing during which the property owner shall
have an opportunity to contest the basis for the seizure.
    ``(f) This section--
    ``(1) applies only to civil forfeitures of real property
and interests in real property;
    ``(2) does not apply to forfeitures of the proceeds of the
sale of such property or interests, or of money or other
assets intended to be used to acquire such property or
interests; and
    ``(3) shall not affect the authority of the court to enter
a restraining order relating to real property.''.
    (b) Technical and Conforming Amendment.--The analysis for
chapter 46 of title 18, United States Code, is amended by
inserting after the item relating to section 984 the
following:

Case 1:06-cv-00030    Document 95-2    Filed 10/29/2007    Page 15 of 25

``985. Civil forfeiture of real property.''.

   SEC. 8. STAY OF CIVIL FORFEITURE CASE.

      (a) In General.--Section 981(g) of title 18, United States
   Code, is amended to read as follows:
      ``(g)(1) Upon the motion of the United States, the court
   shall stay the civil forfeiture proceeding if the court
   determines that civil discovery will adversely affect the
   ability of the Government to conduct a related criminal
   investigation or the prosecution of a related criminal case.
      ``(2) Upon the motion of a claimant, the court shall stay
   the civil forfeiture proceeding with respect to that claimant
   if the court determines that--
      ``(A) the claimant is the subject of a related criminal
   investigation or case;
      ``(B) the claimant has standing to assert a claim in the
   civil forfeiture proceeding; and
      ``(C) continuation of the forfeiture proceeding will burden
   the right of the claimant against self-incrimination in the
   related investigation or case.
      ``(3) With respect to the impact of civil discovery
   described in paragraphs (1) and (2), the court may determine
   that a stay is unnecessary if a protective order limiting
   discovery would protect the interest of 1 party without
   unfairly limiting the ability of the opposing party to pursue
   the civil case. In no case, however, shall the court impose a
   protective order as an alternative to a stay if the effect of
   such protective order would be to allow 1 party to pursue
   discovery while the other party is substantially unable to do
   so.
      ``(4) In this subsection, the terms `related criminal case'
   and `related criminal investigation' mean an actual
   prosecution or investigation in progress at the time at which
   the request for the stay, or any subsequent motion to lift
   the stay is made. In determining whether a criminal case or
   investigation is `related' to a civil forfeiture proceeding,
   the court shall consider the degree of similarity between the
   parties, witnesses, facts, and circumstances involved in the
   2 proceedings, without requiring an identity with respect to
   any 1 or more factors.
      ``(5) In requesting a stay under paragraph (1), the
   Government may, in appropriate cases, submit evidence ex
   parte in order to avoid disclosing any matter that may
   adversely affect an ongoing criminal investigation or pending
   criminal trial.
      ``(6) Whenever a civil forfeiture proceeding is stayed
   pursuant to this subsection, the court shall enter any order
   necessary to preserve the value of the property or to protect
   the rights of lienholders or other persons with an interest
   in the property while the stay is in effect.
      ``(7) A determination by the court that the claimant has
   standing to request a stay pursuant to paragraph (2) shall
   apply only to this subsection and shall not preclude the
   Government from objecting to the standing of the claimant by
   dispositive motion or at the time of trial.''.
      (b) Drug Forfeitures.--Section 511(i) of the Controlled
   Substances Act (21 U.S.C. 881(i)) is amended to read as
   follows:
      ``(i) The provisions of section 981(g) of title 18, United

States Code, regarding the stay of a civil forfeiture
proceeding shall apply to forfeitures under this section.''.

SEC. 9. CIVIL RESTRAINING ORDERS.

  Section 983 of title 18, United States Code, as added by
this Act, is amended by adding at the end the following:
    ``(j) Restraining Orders; Protective Orders.--
    ``(1) Upon application of the United States, the court may
enter a restraining order or injunction, require the
execution of satisfactory performance bonds, create
receiverships, appoint conservators, custodians, appraisers,
accountants, or trustees, or take any other action to seize,
secure, maintain, or preserve the availability of property
subject to civil forfeiture--
    ``(A) upon the filing of a civil forfeiture complaint
alleging that the property with respect to which the order is
sought is subject to civil forfeiture; or
    ``(B) prior to the filing of such a complaint, if, after
notice to persons appearing to have an interest in the
property and opportunity for a hearing, the court determines
that--
    ``(i) there is a substantial probability that the United
States will prevail on the issue of forfeiture and that
failure to enter the order will result in the property being
destroyed, removed from the jurisdiction of the court, or
otherwise made unavailable for forfeiture; and
    ``(ii) the need to preserve the availability of the
property through the entry of the requested order outweighs
the hardship on any party against whom the order is to be
entered.
    ``(2) An order entered pursuant to paragraph (1)(B) shall
be effective for not more than 90 days, unless extended by
the court for good cause shown, or unless a complaint
described in paragraph (1)(A) has been filed.
    ``(3) A temporary restraining order under this subsection
may be entered upon application of the United States without
notice or opportunity for a hearing when a complaint has not
yet been filed with respect to the property, if the United
States demonstrates that there is probable cause to believe
that the property with respect to which the order is sought
is subject to civil forfeiture and that provision of notice
will jeopardize the availability of the property for
forfeiture. Such a temporary order shall expire not more than
10 days after the date on which it is entered, unless
extended for good cause shown or unless the party against
whom it is entered consents to an extension for a longer
period. A hearing requested concerning an order entered under
this paragraph shall be held at the earliest possible time
and prior to the expiration of the temporary order.
    ``(4) The court may receive and consider, at a hearing held
pursuant to this subsection, evidence and information that
would be inadmissible under the Federal Rules of Evidence.''.

SEC. 10. COOPERATION AMONG FEDERAL PROSECUTORS.

  Section 3322(a) of title 18, United States Code, is
amended--
    (1) by striking ``civil forfeiture under section 981 of
title 18, United States Code, of property described in

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 17 of 25

section 981(a)(1)(C) of such title'' and inserting ``any
civil forfeiture provision of Federal law''; and
    (2) by striking ``concerning a banking law violation''.

SEC. 11. STATUTE OF LIMITATIONS FOR CIVIL FORFEITURE ACTIONS.

    Section 621 of the Tariff Act of 1930 (19 U.S.C. 1621) is
amended by inserting ``, or in the case of forfeiture, within
2 years after the time when the involvement of the property
in the alleged offense was discovered, whichever was later''
after ``within five years after the time when the alleged
offense was discovered''.

SEC. 12. DESTRUCTION OR REMOVAL OF PROPERTY TO PREVENT
            SEIZURE.

    Section 2232 of title 18, United States Code, is amended--
    (1) by striking subsections (a) and (b);
    (2) by inserting ``(e) Foreign Intelligence Surveillance.--
'' before ``Whoever, having knowledge that a Federal
officer'';
    (3) by redesignating subsection (c) as subsection (d); and
    (4) by inserting before subsection (d), as redesignated,
the following:
    ``(a) Destruction or Removal of Property To Prevent
Seizure.--Whoever, before, during, or after any search for or
seizure of property by

[[Page H2045]]

    any person authorized to make such search or seizure,
knowingly destroys, damages, wastes, disposes of, transfers,
or otherwise takes any action, or knowingly attempts to
destroy, damage, waste, dispose of, transfer, or otherwise
take any action, for the purpose of preventing or impairing
the Government's lawful authority to take such property into
its custody or control or to continue holding such property
under its lawful custody and control, shall be fined under
this title or imprisoned not more than 5 years, or both.
    ``(b) Impairment of In Rem Jurisdiction.--Whoever, knowing
that property is subject to the in rem jurisdiction of a
United States court for purposes of civil forfeiture under
Federal law, knowingly and without authority from that court,
destroys, damages, wastes, disposes of, transfers, or
otherwise takes any action, or knowingly attempts to destroy,
damage, waste, dispose of, transfer, or otherwise take any
action, for the purpose of impairing or defeating the court's
continuing in rem jurisdiction over the property, shall be
fined under this title or imprisoned not more than 5 years,
or both.
    ``(c) Notice of Search or Execution of Seizure Warrant or
Warrant of Arrest In Rem.--Whoever, having knowledge that any
person authorized to make searches and seizures, or to
execute a seizure warrant or warrant of arrest in rem, in
order to prevent the authorized seizing or securing of any
person or property, gives notice or attempts to give notice
in advance of the search, seizure, or execution of a seizure
warrant or warrant of arrest in rem, to any person shall be
fined under this title or imprisoned not more than 5 years,
or both.''.

SEC. 13. FUNGIBLE PROPERTY IN BANK ACCOUNTS.

    (a) In General.--Section 984 of title 18, United States
Code, is amended--
    (1) by striking subsection (a) and redesignating
subsections (b), (c), and (d) as subsections (a), (b), and
(c), respectively;
    (2) in subsection (a), as redesignated--
    (A) by striking ``or other fungible property'' and
inserting ``or precious metals''; and
    (B) in paragraph (2), by striking ``subsection (c)'' and
inserting ``subsection (b)'';
    (3) in subsection (c), as redesignated--
    (A) by striking paragraph (1) and inserting the following:
``(1) Subsection (a) does not apply to an action against
funds held by a financial institution in an interbank account
unless the account holder knowingly engaged in the offense
that is the basis for the forfeiture.''; and
    (B) in paragraph (2), by striking ``(2) As used in this
section, the term'' and inserting the following:
    ``(2) In this subsection--
    ``(A) the term `financial institution' includes a foreign
bank (as defined in section 1(b)(7) of the International
Banking Act of 1978 (12 U.S.C. 3101(b)(7))); and
    ``(B) the term''; and
    (4) by adding at the end the following:
    ``(d) Nothing in this section may be construed to limit the
ability of the Government to forfeit property under any
provision of law if the property involved in the offense
giving rise to the forfeiture or property traceable thereto
is available for forfeiture.''.

SEC. 14. FUGITIVE DISENTITLEMENT.

    (a) In General.--Chapter 163 of title 28, United States
Code, is amended by adding at the end the following:

``Sec. 2466. Fugitive disentitlement

    ``A judicial officer may disallow a person from using the
resources of the courts of the United States in furtherance
of a claim in any related civil forfeiture action or a claim
in third party proceedings in any related criminal forfeiture
action upon a finding that such person--
    ``(1) after notice or knowledge of the fact that a warrant
or process has been issued for his apprehension, in order to
avoid criminal prosecution--
    ``(A) purposely leaves the jurisdiction of the United
States;
    ``(B) declines to enter or reenter the United States to
submit to its jurisdiction; or
    ``(C) otherwise evades the jurisdiction of the court in
which a criminal case is pending against the person; and
    ``(2) is not confined or held in custody in any other
jurisdiction for commission of criminal conduct in that
jurisdiction.''.
    (b) Conforming Amendment.--The analysis for chapter 163 of
title 28, United States Code, is amended by adding at the end
the following:

``2466. Fugitive disentitlement.''.

    (c) Effective Date.--The amendments made by this section
shall apply to any case pending on or after the date of
enactment of this Act.

SEC. 15. ENFORCEMENT OF FOREIGN FORFEITURE JUDGMENT.

    (a) In General.--Chapter 163 of title 28, United States
Code, is amended by adding at the end the following:

``Sec. 2467. Enforcement of foreign judgment

    ``(a) Definitions.--In this section--
    ``(1) the term `foreign nation' means a country that has
become a party to the United Nations Convention Against
Illicit Traffic in Narcotic Drugs and Psychotropic Substances
(referred to in this section as the `United Nations
Convention') or a foreign jurisdiction with which the United
States has a treaty or other formal international agreement
in effect providing for mutual forfeiture assistance; and
    ``(2) the term `forfeiture or confiscation judgment' means
a final order of a foreign nation compelling a person or
entity--
    ``(A) to pay a sum of money representing the proceeds of an
offense described in Article 3, Paragraph 1, of the United
Nations Convention, or any foreign offense described in
section 1956(c)(7)(B) of title 18, or property the value of
which corresponds to such proceeds; or
    ``(B) to forfeit property involved in or traceable to the
commission of such offense.
    ``(b) Review by Attorney General.--
    ``(1) In general.--A foreign nation seeking to have a
forfeiture or confiscation judgment registered and enforced
by a district court of the United States under this section
shall first submit a request to the Attorney General or the
designee of the Attorney General, which request shall
include--
    ``(A) a summary of the facts of the case and a description
of the proceedings that resulted in the forfeiture or
confiscation judgment;
    ``(B) certified copy of the forfeiture or confiscation
judgment;
    ``(C) an affidavit or sworn declaration establishing that
the defendant received notice of the proceedings in
sufficient time to enable the defendant to defend against the
charges and that the judgment rendered is in force and is not
subject to appeal; and
    ``(D) such additional information and evidence as may be
required by the Attorney General or the designee of the
Attorney General.
    ``(2) Certification of request.--The Attorney General or
the designee of the Attorney General shall determine whether,
in the interest of justice, to certify the request, and such
decision shall be final and not subject to either judicial
review or review under subchapter II of chapter 5, or chapter
7, of title 5 (commonly known as the `Administrative
Procedure Act').
    ``(c) Jurisdiction and Venue.--

Case 1:06-cv-00030   Document 95-2   Filed 10/29/2007   Page 20 of 25

``(1) In general.--If the Attorney General or the designee
of the Attorney General certifies a request under subsection
(b), the United States may file an application on behalf of a
foreign nation in district court of the United States seeking
to enforce the foreign forfeiture or confiscation judgment as
if the judgment had been entered by a court in the United
States.
    ``(2) Proceedings.--In a proceeding filed under paragraph
(1)--
    ``(A) the United States shall be the applicant and the
defendant or another person or entity affected by the
forfeiture or confiscation judgment shall be the respondent;
    ``(B) venue shall lie in the district court for the
District of Columbia or in any other district in which the
defendant or the property that may be the basis for
satisfaction of a judgment under this section may be found;
and
    ``(C) the district court shall have personal jurisdiction
over a defendant residing outside of the United States if the
defendant is served with process in accordance with rule 4 of
the Federal Rules of Civil Procedure.
    ``(d) Entry and Enforcement of Judgment.--
    ``(1) In general.--The district court shall enter such
orders as may be necessary to enforce the judgment on behalf
of the foreign nation unless the court finds that--
    ``(A) the judgment was rendered under a system that
provides tribunals or procedures incompatible with the
requirements of due process of law;
    ``(B) the foreign court lacked personal jurisdiction over
the defendant;
    ``(C) the foreign court lacked jurisdiction over the
subject matter;
    ``(D) the defendant in the proceedings in the foreign court
did not receive notice of the proceedings in sufficient time
to enable him or her to defend; or
    ``(E) the judgment was obtained by fraud.
    ``(2) Process.--Process to enforce a judgment under this
section shall be in accordance with rule 69(a) of the Federal
Rules of Civil Procedure.
    ``(e) Finality of Foreign Findings.--In entering orders to
enforce the judgment, the court shall be bound by the
findings of fact to the extent that they are stated in the
foreign forfeiture or confiscation judgment.
    ``(f) Currency Conversion.--The rate of exchange in effect
at the time the suit to enforce is filed by the foreign
nation shall be used in calculating the amount stated in any
forfeiture or confiscation judgment requiring the payment of
a sum of money submitted for registration.''.
    (b) Conforming Amendment.--The analysis for chapter 163 of
title 28, United States Code, is amended by adding at the end
the following:

``2467. Enforcement of foreign judgment.''.

        SEC. 16. ENCOURAGING USE OF CRIMINAL FORFEITURE AS AN
                   ALTERNATIVE TO CIVIL FORFEITURE.

    Section 2461 of title 28, United States Code, is amended by
adding at the end the following:
    ``(c) If a forfeiture of property is authorized in

connection with a violation of an Act of Congress, and any
person is charged in an indictment or information with such
violation but no specific statutory provision is made for
criminal forfeiture upon conviction, the Government may
include the forfeiture in the indictment or information in
accordance with the Federal Rules of Criminal Procedure, and
upon conviction, the court shall order the forfeiture of the
property in accordance with the procedures set forth in
section 413 of the Controlled Substances Act (21 U.S.C. 853),
other than subsection (d) of that section.''.

SEC. 17. ACCESS TO RECORDS IN BANK SECRECY JURISDICTIONS.

    Section 986 of title 18, United States Code, is amended by
adding at the end the following:
    ``(d) Access to Records in Bank Secrecy Jurisdictions.--
    ``(1) In general.--In any civil forfeiture case, or in any
ancillary proceeding in any criminal forfeiture case governed
by section 413(n) of the Controlled Substances Act (21 U.S.C.
853(n)), in which--
    ``(A) financial records located in a foreign country may be
material--
    ``(i) to any claim or to the ability of the Government to
respond to such claim; or
    ``(ii) in a civil forfeiture case, to the ability of the
Government to establish the forfeitability of the property;
and

[[Page H2046]]

    ``(B) it is within the capacity of the claimant to waive
the claimant's rights under applicable financial secrecy
laws, or to obtain the records so that such records can be
made available notwithstanding such secrecy laws;
the refusal of the claimant to provide the records in
response to a discovery request or to take the action
necessary otherwise to make the records available shall be
grounds for judicial sanctions, up to and including dismissal
of the claim with prejudice.
    ``(2) Privilege.--This subsection shall not affect the
right of the claimant to refuse production on the basis of
any privilege guaranteed by the Constitution of the United
States or any other provision of Federal law.''.

SEC. 18. APPLICATION TO ALIEN SMUGGLING OFFENSES.

    (a) Amendment of the Immigration and Nationality Act.--
Section 274(b) of the Immigration and Nationality Act (8
U.S.C. 1324(b)) is amended to read as follows:
    ``(b) Seizure and Forfeiture.--
    ``(1) In general.--Any conveyance, including any vessel,
vehicle, or aircraft, that has been or is being used in the
commission of a violation of subsection (a), the gross
proceeds of such violation, and any property traceable to
such conveyance or proceeds, shall be seized and subject to
forfeiture.
    ``(2) Applicable procedures.--Seizures and forfeitures
under this subsection shall be governed by the provisions of
chapter 46 of title 18, United States Code, relating to civil
forfeitures, including section 981(d) of such title, except

that such duties as are imposed upon the Secretary of the
Treasury under the customs laws described in that section
shall be performed by such officers, agents, and other
persons as may be designated for that purpose by the Attorney
General.
    ``(3) Prima facie evidence in determinations of
violations.--In determining whether a violation of subsection
(a) has occurred, any of the following shall be prima facie
evidence that an alien involved in the alleged violation had
not received prior official authorization to come to, enter,
or reside in the United States or that such alien had come
to, entered, or remained in the United States in violation of
law:
    ``(A) Records of any judicial or administrative proceeding
in which that alien's status was an issue and in which it was
determined that the alien had not received prior official
authorization to come to, enter, or reside in the United
States or that such alien had come to, entered, or remained
in the United States in violation of law.
    ``(B) Official records of the Service or of the Department
of State showing that the alien had not received prior
official authorization to come to, enter, or reside in the
United States or that such alien had come to, entered, or
remained in the United States in violation of law.
    ``(C) Testimony, by an immigration officer having personal
knowledge of the facts concerning that alien's status, that
the alien had not received prior official authorization to
come to, enter, or reside in the United States or that such
alien had come to, entered, or remained in the United States
in violation of law.''.
    (b) Technical Corrections to Existing Criminal Forfeiture
Authority.--Section 982(a)(6) of title 18, United States
Code, is amended--
    (1) in subparagraph (A)--
    (A) by inserting ``section 274(a), 274A(a)(1), or
274A(a)(2) of the Immigration and Nationality Act or'' before
``section 1425'' the first place it appears;
    (B) in clause (i), by striking ``a violation of, or a
conspiracy to violate, subsection (a)'' and inserting ``the
offense of which the person is convicted''; and
    (C) in subclauses (I) and (II) of clause (ii), by striking
``a violation of, or a conspiracy to violate, subsection
(a)'' and all that follows through ``of this title'' each
place it appears and inserting ``the offense of which the
person is convicted'';
    (2) by striking subparagraph (B); and
    (3) in the second sentence--
    (A) by striking ``The court, in imposing sentence on such
person'' and inserting the following:
    ``(B) The court, in imposing sentence on a person described
in subparagraph (A)''; and
    (B) by striking ``this subparagraph'' and inserting ``that
subparagraph''.

SEC. 19. ENHANCED VISIBILITY OF THE ASSET FORFEITURE PROGRAM.

    Section 524(c)(6) of title 28, United States Code, is
amended to read as follows:
    ``(6)(A) The Attorney General shall transmit to Congress
and make available to the public, not later than 4 months

after the end of each fiscal year, detailed reports for the
prior fiscal year as follows:
```(i) A report on total deposits to the Fund by State of
deposit.
```(ii) A report on total expenses paid from the Fund, by
category of expense and recipient agency, including equitable
sharing payments.
```(iii) A report describing the number, value, and types of
properties placed into official use by Federal agencies, by
recipient agency.
```(iv) A report describing the number, value, and types of
properties transferred to State and local law enforcement
agencies, by recipient agency.
```(v) A report, by type of disposition, describing the
number, value, and types of forfeited property disposed of
during the year.
```(vi) A report on the year-end inventory of property under
seizure, but not yet forfeited, that reflects the type of
property, its estimated value, and the estimated value of
liens and mortgages outstanding on the property.
```(vii) A report listing each property in the year-end
inventory, not yet forfeited, with an outstanding equity of
not less than $1,000,000.
```(B) The Attorney General shall transmit to Congress and
make available to the public, not later than 2 months after
final issuance, the audited financial statements for each
fiscal year for the Fund.
```(C) Reports under subparagraph (A) shall include
information with respect to all forfeitures under any law
enforced or administered by the Department of Justice.
```(D) The transmittal and publication requirements in
subparagraphs (A) and (B) may be satisfied by--
```(i) posting the reports on an Internet website maintained
by the Department of Justice for a period of not less than 2
years; and
```(ii) notifying the Committees on the Judiciary of the
House of Representatives and the Senate when the reports are
available electronically.''.

SEC. 20. PROCEEDS.

    (a) Forfeiture of Proceeds.--Section 981(a)(1)(C) of title
18, United States Code, is amended by striking ``or a
violation of section 1341'' and all that follows and
inserting ``or any offense constituting `specified unlawful
activity' (as defined in section 1956(c)(7) of this title),
or a conspiracy to commit such offense.''.
    (b) Definition of Proceeds.--Section 981(a) of title 18,
United States Code, is amended by adding at the end the
following:
```(2) For purposes of paragraph (1), the term `proceeds' is
defined as follows:
```(A) In cases involving illegal goods, illegal services,
unlawful activities, and telemarketing and health care fraud
schemes, the term `proceeds' means property of any kind
obtained directly or indirectly, as the result of the
commission of the offense giving rise to forfeiture, and any
property traceable thereto, and is not limited to the net
gain or profit realized from the offense.
```(B) In cases involving lawful goods or lawful services

that are sold or provided in an illegal manner, the term
`proceeds' means the amount of money acquired through the
illegal transactions resulting in the forfeiture, less the
direct costs incurred in providing the goods or services. The
claimant shall have the burden of proof with respect to the
issue of direct costs. The direct costs shall not include any
part of the overhead expenses of the entity providing the
goods or services, or any part of the income taxes paid by
the entity.
    ``(C) In cases involving fraud in the process of obtaining
a loan or extension of credit, the court shall allow the
claimant a deduction from the forfeiture to the extent that
the loan was repaid, or the debt was satisfied, without any
financial loss to the victim.''.

SEC. 21. EFFECTIVE DATE.

    Except as provided in section 14(c), this Act and the
amendments made by this Act shall apply to any forfeiture
proceeding commenced on or after the date that is 120 days
after the date of enactment of this Act.

  The SPEAKER pro tempore. Pursuant to the rule, the gentleman from
Illinois (Mr. Hyde) and the gentlewoman from Texas (Ms. Jackson-Lee)
each will control 20 minutes.
  The Chair recognizes the gentleman from Illinois (Mr. Hyde).


                            General Leave

  Mr. HYDE. Mr. Speaker, I ask unanimous consent that all Members may
have 5 legislative days within which to revise and extend their remarks
on H.R. 1658.
  The SPEAKER pro tempore. Is there objection to the request of the
gentleman from Illinois?
  There was no objection.
  Mr. HYDE. Mr. Speaker, I yield myself such time as I may consume.
  (Mr. HYDE asked and was given permission to revise and extend his
remarks.)
  Mr. HYDE. Mr. Speaker, this bill represents the culmination of a 7-
year effort to reform our Nation's civil asset forfeiture laws. We
would not be here today without the momentum generated by the House's
passage of H.R. 1658 last June by the overwhelming vote of 375-48. That
vote was made possible by the tireless support of my colleagues, the
gentleman from Michigan (Mr. Conyers), the ranking member of the
Committee on the Judiciary; the gentleman from Georgia (Mr. Barr); and
the gentleman from Massachusetts (Mr. Frank) and their staffs.
  House passage was also made possible by the support of a multitude of
organizations who put aside their differences to work toward a common
goal: the National Association of Criminal Defense Lawyers, Americans
for Tax Reform, the American Civil Liberties Union, the National Rifle
Association, the American Bar Association, the National Association of
Realtors, the Credit Union National Association, the American Bankers
Association, the Aircraft Owners and Pilots Association, the National
Association of Home Builders, the Boat Owners Association of the United
States, United States Chamber of Commerce, the National Apartment
Association, the American Hotel and Motel Association, and the Law
Enforcement Alliance of America.
  H.R. 1658 only got us through the House. Forfeiture reform would not