BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

JAMES P. WALSH (Pro hac vice)
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Tel: (415) 276-6556
Fax: (415) 276-6599

Attorneys for Defendants:
MARSHALLS 201 and MARSHALL
ISLANDS FISHING COMPANY

**FILED**
DISTRICT COURT OF GUAM

NOV 1 4 2007

JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARSHALLS 201,<br><br>  Defendant. | CIVIL CASE NO. 06-00030<br><br>**FIRST AMENDED ANSWER TO COMPLAINT FOR FORFEITURE OF VESSEL; COUNTERCLAIM** |

Comes now Defendant fishing vessel MARSHALLS 201, sued in rem, and Claimant, MARSHALL ISLANDS FISHING COMPANY (hereinafter jointly "Defendants"), by and through undersigned counsel, and hereby answer the Complaint for Forfeiture and file their Counterclaim against Plaintiff UNITED STATES OF AMERICA:

### ANSWER TO COMPLAINT

1. Paragraph 1 of the Complaint describes the action and contains legal conclusions to which no response is required.

E:\Jean\Plds\DJB\Marshalls\1st Amend Answer.wpd

**ORIGINAL**

2. Paragraph 2 of the Complaint contains legal conclusions as to jurisdiction to which no response is required.

3. Defendants admit the allegations in paragraph 3 of the Complaint that the MARSHALLS 201 is a purse seine fishing vessel, 70.46 meters long, with a gross tonnage of 1,076 tons, documented under the laws of the Republic of Marshall Islands, and owned by the Marshall Islands Fishing Company. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required. Defendants deny that, under applicable rules of customary international law, the United States is lawfully entitled to claim an exclusive economic zone around the uninhabited Howland and Baker Islands in the central Pacific Ocean.

5. The allegations in paragraph 5 of the Complaint contain legal conclusions to which no response is required. Defendants aver that the vessel possesses a permit from the Government of Kiribati to engage in fishing in those ocean waters subject to the jurisdiction of the Government of Kiribati, which abut the ocean area claimed by the United States as the waters of the exclusive economic zone around Howland and Baker Islands.

6. Defendants lack sufficient information to form a belief as to the allegations in paragraph 6 of the Complaint, and therefore deny them.

7. Defendants lack sufficient information to form a belief as to the allegations in paragraph 7 of the Complaint, and therefore deny them.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit, as alleged in paragraph 9 of the Complaint, that the vessel has been seized by the U.S. Marshal pursuant to an in rem warrant of arrest issued by this Court but

E:\Jean\Plds\DJB\Marshalls\1st Amend Answer.wpd

was released after payment of a bond. Defendants deny that the arrest and seizure of the vessel by the United States was lawful.

10. The allegations in paragraph 10 of the Complaint contain legal conclusion to which no response is required. Defendants deny that the United States has lawful authority to seek forfeiture of the vessel or any interest of MARSHALL ISLAND FISHING COMPANY in the vessel.

11. The remainder of Plaintiff's Complaint contains a prayer for relief. Defendants deny that Plaintiff is entitled to any relief.

12. Defendants deny each and every allegation in Plaintiff's Complaint, whether express or implied, that Defendants have not previously or expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

13. Plaintiff has failed to state a claim for which relief may be granted.

14. The Court lacks subject matter jurisdiction over Plaintiff's claim.

15. Plaintiff lacks standing to bring its claim.

16. The MARSHALL ISLAND FISHING COMPANY is an innocent owner within the meaning of the Civil Asset Forfeiture Reform Act of 2000, Pub.L. 106-185 (enacted Apr. 25, 2000), codified at 18 U.S.C. § 983. With respect to the MARSHALLS 201 and the allegations of Plaintiff, the MARSHALL ISLAND FISHING COMPANY did not know of the conduct giving rise to forfeiture and, upon, learning of the conduct giving rise to forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the vessel.

17. Plaintiff failed to provide legally sufficient notice under international law with regard to its unilateral claim to extended jurisdiction around Howland and Baker Islands. The vessel was lawfully fishing in accordance with the right to fish on the high seas under recognized

principles of customary international law. The seizure of the vessel by means of armed force, without permission by the Government of the Republic of the Marshall Islands, was unlawful under international law.

18. The area in which the vessel was allegedly fishing is subject to the jurisdiction of the Government of Kiribati, and is not subject to the jurisdiction of the United States. The seizure of the vessel by means of armed force, without permission of the Government of Kiribati or the Government of the Republic of the Marshall Islands, was unlawful under international law.

19. Defendants assert that Plaintiff is not entitled under customary international law to claim an exclusive economic zone around Howland and Baker Islands

20. The penalty sought by Plaintiff is inconsistent with published penalty schedules and otherwise excessive under the laws of the United States, including 18 U.S.C. § 983(g), and international law.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Defendants allege as follows:

21. Under the Suits in Admiralty Act, 46 U.S.C. §§ 741-742, the United States Government has waived sovereign immunity and authorized suits in admiralty which could be maintained if the claim was brought against a private party.

22. Suits may be brought against private parties for maritime trespass.

23. The Plaintiff, though its agents and employees acting under color of law, engaged in maritime trespass by seizing and arresting the MARSHALLS 201 without proper jurisdiction or authority.

24. Therefore, Defendants are entitled to recover an amount to be proven at trial for the maritime trespass with respect to the vessel.

WHEREFORE, Defendants respectfully request that the Court:

a. Enter an order declaring that the seizure and arrest of the MARSHALLS 201 was unlawful.

b. Enter an order that the interest of the MARSHALL ISLAND FISHING COMPANY in the MARSHALLS 201 shall not be forfeited because the Claimant is an innocent owner within the meaning of 18 U.S.C. § 983(d).

c. Enter an order that forfeiture of the MARSHALLS 201 is grossly disproportional to the alleged offense within the meaning of 18 U.S.C. § 983(g).

d. Enter an order declaring that the unilateral claim to a 200 nautical mile exclusive economic zone around the uninhabited Howland and Baker Islands violates customary international law.

e. Enter an order declaring that the United States failed to give proper notice under customary international law with respect to its claim to an exclusive economic zone around the uninhabited Howland and Baker Islands.

f. Enter an order awarding damages to Defendants for maritime trespass for seizing and arresting the vessel without lawful authority.

g. Enter an order awarding Defendants their attorney's fees and expenses; and

h. Grant Defendants such further relief as may be appropriate and fair.

Dated this 14 day of November, 2007.

BERMAN O'CONNOR & MANN  
Attorneys for Defendant *MARSHALLS 201*

BY: /s/ Daniel Berman  
DANIEL J. BERMAN

E:\Jean\Plds\DJB\Marshalls\1st Amend Answer.wpd