DANIEL J. BERMAN
BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910
Telephone: (671) 477-2778
Facsimile: (617) 477-4366

JAMES P. WALSH (Pro hac vice)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendant MARSHALLS 201
and Cross-Claimant MARSHALL ISLANDS
FISHING COMPANY

**FILED**
DISTRICT COURT OF GUAM
MAY 1 6 2008
JEANNE G. QUINATA
Clerk of Court

## UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARSHALLS 201, in rem,<br><br>    Defendant.<br>MARSHALL ISLANDS FISHING COMPANY,<br><br>    Cross-Claimant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Cross-Defendant | CIVIL CASE NO. 06-00030<br><br>**DECLARATION OF JAMES P. WALSH IN SUPPORT OF DEFENDANT'S MOTION TO AMEND THE COURT'S ORDER RE: MOTION TO DISMISS** |

I, JAMES P. WALSH, declare as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP and practice out of

offices at 505 Montgomery Street, Suite 800, San Francisco, CA 94111-6533. I have been admitted *Pro Hac Vice* in this case as co-counsel for Defendant. I make this Declaration based on my personal knowledge and, if called upon to testify in court as to the facts in this Declaration, I could do so competently and truthfully.

2. The Court's Order RE: Motion to Dismiss, entered on May 8, 2008, was based on legal conclusions relating to the application of customary international law, statutory construction, and the United Nations Law of the Sea Treaty. Defendant argued that the United States Government had no jurisdiction to arrest the F/V MARSHALLS 201 in an ocean area located beyond 12 miles from the baseline of the Baker and Howland Islands, territorial islets possessed by the United States, based on customary international law. This decision is one of first impression involving complex issues of international law.

3. Defendant submits that there are substantial grounds for a difference of opinion as to a controlling question of law relating to this Court's jurisdiction. Defendant submits that an immediate appeal of this question pursuant to 28 U.S.C. § 1292(b) would be beneficial and would materially advance the ultimate termination of this case because Defendant's Motion to Dismiss presented a fundamental legal question as to the authority of the United States to undertake unilateral enforcement actions against a non-U.S. flag vessel.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on May/__, 2008.

_____
James P. Walsh