LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: 671-472-7332
Fax: 671-472-7215

MARK A. SIMONOFF
Attorney-Adviser
Office of the Legal Adviser
Office of Oceans, International
Environmental & Scientific Affairs
U.S. Department of State
2201 C Street, NW Room 6420
Washington, DC 20520
Tel: 202-647-1370
Fax: 202-736-7115

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 28 2008
JEANNE G. QUINATA
Clerk of Court

UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS 201,<br><br>Defendant. | CIVIL CASE NO. 06-00030<br><br>**OPPOSITION OF THE UNITED STATES TO DEFENDANT'S MOTION TO AMEND THE COURT'S ORDER DENYING MOTION TO DISMISS IN ORDER TO SEEK INTERLOCUTORY APPEAL UNDER 28 U.S.C. 1292(B)** |

The Defendant has moved that this Court amend its Order dismissing the Defendant's Motion to Dismiss, dated May 8, 2008. The United States strongly opposes the Defendant's attempt to seek an interlocutory appeal of that Order. The Defendant has failed to meet the high burden that it must establish to justify an interlocutory appeal.

1

Simply stated, the Defendant is continuing to flog its far-fetched, fictional argument in the face of a clear and well-reasoned rejection of its views by this Court. This Court should reject the Defendant's attempt to delay this case and should deny the Defendant's motion.

I. **DEFENDANTS BEAR THE HEAVY BURDEN TO ESTABLISH THAT AN INTERLOCUTORY APPEAL IS APPROPRIATE.**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. Hansen v. Schubert, 459 F. Supp. 2d 973, 999 (E.D. Cal. 2007) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978) (superseded by statute on other grounds)). An exception to this general rule is set out in 28 U.S.C. § 1292(b) which provides, in pertinent part, that

> when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

It has generally been held that § 1292(b) appeal is to be "used sparingly and only in exceptional cases" in furtherance of the long-standing federal policy against piecemeal appeals. United States v. Woodbury, 263 F.2d 784, 788 n. 11 (9th Cir. 1959). Certification is only proper under the most unusual circumstances where the immediate "decision of an interlocutory appeal might avoid protracted and expensive litigation." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

The party seeking certification bears the "heavy burden to show that exceptional circumstances justify departure from the basic rule that appellate review becomes available only after entry of final judgment." United States ex rel. Bagley v. TRW, Inc.,

No. CV954153AHMAJWX, 2001 WL 369790, at *2 (C.D. Cal. Mar. 26, 2001). "[E]ven if the district judge certifies the order under § 1292(b), the appellant still has the burden of persuading the court of appeals that exceptional circumstances" exist. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing Coopers & Lybrand, 437 U.S. at 475). The defendant in this case, Marshalls 201, has not and cannot meet this critical standard.

## II. DEFENDANTS HAVE NOT ESTABLISHED SUBSTANTIAL GROUND FOR A DIFFERENCE OF OPINION WITH RESPECT TO ANY OF THE COURT'S CONCLUSIONS OF LAW.

In order for this Court to find that interlocutory appeal is appropriate, it needs to determine that the issue to be certified involves a controlling issue of law about which substantial ground exists for difference of opinion. 28 U.S.C. § 1292(b); *see also* Yakima Products, Inc. v. Industri AB Thule, 1998 WL 173205, at *2 (N.D. Cal. 1998). There is no substantial ground for a difference of opinion with respect to any of this Court's conclusions of law. As the United States explained in its Opposition to the Defendant's Motion to Dismiss, the Defendant's arguments have no basis in either domestic or international law.

First, as the Court aptly explained, Congress explicitly recognized the Exclusive Economic Zone off of Howland and Baker Islands in its recent amendment of the Magnuson Act. *See* Order Re: Motion to Dismiss, Doc. No. 135, at p. 5, citing 16 U.S.C. § 1824(e)(8), as amended by Magnuson-Stevens Fishery Conservation and Management Reauthorization Act of 2006, section 6, Pub. L. 109-479 (2007). Thus, even assuming arguendo that the United States' establishment of the Exclusive Economic Zone was inconsistent with international law, which the United States emphatically disputes, Congress still has the final word on this issue, and Congress has spoken. *Cf., e.g.,*

3

Medellin v. Texas, 128 S. Ct. 1346, 1359 n. 5 (2008) ("A later-in-time federal statute supersedes inconsistent treaty provisions.").[1] The Defendant's attempt to evade this black-and-white reality serves only to confound and delay trial on a clear violation of U.S. laws.

Second, the Defendant has relied on idiosyncratic and far-fetched readings of international law to support its position. The United States demonstrated in its Opposition and at oral argument that the Defendant has not cited a single international or domestic majority opinion that supports its argument, and grossly misreads and distorts one case on which it relied heavily. In addition, the Defendant's reliance on State practice fails to reveal a single example that is remotely analogous to this case. And most significantly, as the Court concluded, the Defendant has misconstrued the plain language of Article 121 of the Law of the Sea Convention. Finally, the State Department has unequivocally rejected the Defendant's view of international law. As the U.S. agency charged with construing treaties and international law, the State Department's view is entitled to great weight. *Cf.* Sumitomo Shoji America, Inc. v. Avagliano et al., 457 U.S. 176, 184-85 (1982) ("Although not conclusive, the meaning attributed to treaty

---

[1] As the Court properly concluded, there is no inconsistency between Congress' recognition of the EEZ off of Howland and Baker Islands and international law in any event. It is well established that U.S. statutes are to be construed as consistent with international law. Supreme Court authority going back to 1804 establishes that "an act of Congress ought never to be construed to violate the law of nations if any other possible construction remains." Murray v. Schooner Charming Betsy, 6 U.S. 64, 188 (1804); *see also* Whitney v. Robertson, 124 U.S. 190, 194 (1888). The Court must "endeavor to construe [statutes and treaties] as to give effect both, if that can be done without violating the language of either." Whitney, 124 U.S. at 194; *see also* Kappus v. Comm'r of Internal Revenue, 337 F.3d 1053, 1058-59 (D.C. Cir 2003); South African Airways v. Dole, 817 F.2d 119, 125 (expressing "extreme reluctance to find a conflict between an act of Congress and a pre-existing international agreement."); Restatement (Third) of the Foreign Relations Law of the U.S. § 114 (1987) ("Where fairly possible, a United States statute is to be construed so as not to conflict with international law or an international agreement of the United States.") & Reporter's Note 1 (citing cases); Restatement (Third) of the Foreign Relations Law of the U.S.§ 115 cmt. a. (1987).

4

provisions by the Government agencies charged with their negotiation and enforcement is entitled to great weight."); Restatement (Third) of the Foreign Relations Law of the United States § 326 (1987); Kolovrat v. Oregon, 366 U.S. 187, 194 (1961) ("While courts interpret treaties for themselves, the meaning given them by the departments of government particularly charged with their negotiation and enforcement is given great weight."); United States v. Kin-Hong, 110 F.3d 103, 110 (1st Cir. 1997) ("[T]he executive branch's construction of a treaty, although not binding upon the courts, is entitled great weight."); In re Extradition of Howard, 996 F.2d 1320, 1330 n. 6 (1st Cir. 1993) (deference to executive in extradition context stems, at least in part, from fact that executive wrote and negotiated operative documents); Dupree v. United States, 559 F.2d 1151, 1155 (9th Cir. 1997) (". . . in the interpretation of treaties and conventions, the opinions of the Executive Branch are entitled to much weight."). The fact that the Defendant and its expert assert their own unsupported opinion on the state of the international law cannot constitute a "substantial ground for a difference of opinion."

Furthermore, a *factual* challenge cannot justify an interlocutory appeal. The Court stated, "[i]n the present case, the United Sates has provided sufficient evidence in its pleadings to give the impression that Baker and Howland Islands are in fact islands as defined under the Convention." *See* Order Re: Motion to Dismiss, Doc. No. 135, at p. 6. The Defendant may not use an interlocutory appeal to challenge the factual basis for the Court's conclusion. It is evident on the face of 28 U.S.C. § 1292(b) that certification for interlocutory appeal may issue only with respect to a "controlling question of law," not fact. *See e.g.*, Meeker v. Belridge Water Storage Dist., 2007 WL 781889, *16 (E.D. Cal. 2007); *see also* Syufy Enterprises v. American Multi-Cinema, Inc., 694 F. Supp. 725, 729

5

Case 1:06-cv-00030   Document 142   Filed 05/28/2008   Page 5 of 7

(N.D. Cal. 1988). Mixed questions of law and fact are similarly inappropriate for interlocutory appeal. 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (1996).

The Defendant has asserted outlandish arguments to distract this Court from the Defendant's violations of the Magnuson Act. These arguments do not provide any ground, much less a substantial ground, for a difference of opinion with respect to the Court's legal conclusions.

### III. AN INTERLOCUTORY APPEAL WILL NOT MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION.

Separate but closely tied to the mandate that a question of law must be "controlling" in order for interlocutory appeal to be granted, is the statutory requirement that the district court determine that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (1996). In the present case, an interlocutory appeal would only serve to delay the prosecution of this case. Rather than materially advance the termination of the litigation, it would needlessly confound and prolong this case.

### IV. CONCLUSION

Defendant has attempted to advocate a position (that sovereigns such as the US cannot assert Exclusive Economic Zones for islands not inhabited – classifying them as "rocks" under international law) which is unsupported by law. Defendant now advocates for an interlocutory appeal on this delusional defense. The interlocutory appeal provision at 28 U.S.C. § 1292(b) does not exist for such fictional arguments with no legal support.

For all of the foregoing reasons, the United States respectfully requests that this Court issue an Order denying Defendant's motion to amend.

DATED this 28th day of May, 2008.

                                LEONARDO M. RAPADAS
                                United States Attorney
                                Districts of Guam and NMI

BY: *[signature]* for
MIKEL W. SCHWAB
Assistant U.S. Attorney