DANIEL J. BERMAN
BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

JAMES P. WALSH (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111—6533
Telephone: (415) 276-6556
Facsimile: (415) 276-6599

Attorneys for Defendant MARSHALLS 201
And Cross-Claimant MARSHALL ISLANDS
FISHING COMPANY

FILED
DISTRICT COURT OF GUAM

JUN 0 4 2008

JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00030 |
| Plaintiff, | |
| vs. | DEFENDANT'S REPLY RE: MOTION TO AMEND THE COURT'S ORDER DENYING MOTION TO DISMISS IN ORDER TO SEEK INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) |
| MARSHALLS 201, in rem, | |
| Defendants. | |
| MARSHALLS ISLANDS FISHING COMPANY, | |
| Cross-Claimant, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Cross-Defendant. | |

*United States of America v. Marshalls 201, in rem*
Reply Re: Motion to Amend the Court's Order Denying
Motion to Dismiss in Order to Seek Interlocutory Appeal

Civil Case No. 06-00030

Defendant, MARSHALLS 201, and Cross-Claimant, Marshall Islands Fishing Company, have moved, pursuant to 28 U.S.C. § 1292(b), that the Order Re: Motion to Dismiss entered herein on May 8, 2008, be amended to include the statement prescribed by 28 U.S.C. § 1292(b). Plaintiff opposes the Motion.

### 1. The Motion to Dismiss Presents a Controlling Question of Law

A primary factor in deciding whether an interlocutory appeal is appropriate is the question of whether there is a controlling question of law. All that is necessary for a question of law to be "controlling" is that resolution of the issue on appeal would materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). The issue presented in Defendants' Motion is essentially one of jurisdiction to decide this case, and nothing could be more controlling. In *Native Village of Quinhagak v. U.S.*, 307 F.3d 1075 (9th Cir. 2002), plaintiffs had two primary claims: (1) that the Secretary of Interior improperly excluded certain marine waters from regulation under the Alaska National Interest Lands Conservation Act (referred to as the "where" issue); and (2) that Alaska had no jurisdiction to regulate the waters in question (referred to as the "who" issue. 307 F.3d at 1077. The Ninth Circuit noted that "[r]ecognizing that the "who" and "where" issues were controlling questions of law, the district court certified both for interlocutory appeal. This case presents comparable "who" and "where" controlling issues of law.

### 2. Substantial Grounds for Difference of Opinion Exist

The jurisdictional question presented here is one of first impression, involving the application of international law and statutory interpretation. As such, substantial

*United States of America v. Marshalls 201, in rem*  
Reply Re: Motion to Amend the Court's Order Denying  
Motion to Dismiss in Order to Seek Interlocutory Appeal

Civil Case No. 06-00030

grounds for a difference of opinion exist, despite Plaintiff's effort to cast itself as all-knowing on the international questions at hand. Plaintiff's Opposition at 4-5. First of all, Defendants' legal position was supported by a well-qualified and respected law professor at the University of Hawaii, Prof. Jon Van Dyke, who has published his views on the subject for some time. Second, the Court's ruling turned on its finding that the United Nations Law of the Sea Treaty was not binding law. Slip Opinion (Sl.Op.) at 5. However, Defendants had not simply made the argument that the Treaty was presently binding on the United States, as treaty law. Rather, Defendants also argued that the portion of the Treaty dealing with determining the breadth of the Exclusive Economic Zone and Territorial Sea, including the definition of a "rock", is binding on the United States as a matter of customary international law. Defendants' Memorandum Re: Motion to Dismiss at 3 (lines 4-5) and 13-14. The Court did not rule on this issue.

Finally, the provisions of the Magnuson Act relied on by the Court for its conclusions as to Congressional intent are administrative only, and merely assume that, if the United States has jurisdiction under international law, then these areas are to be included in the "Pacific Insular Area" and fines are to be deposited in certain accounts. However, there is no definitive statement in that Act that Baker and Howland Islands <u>shall</u> have an Exclusive Economic Zone around them, contrary to international law. Congress' rejection of a rule of international law must be much more explicit. Moreover, neither of the referenced Magnuson Act provisions are jurisdictional in nature.

*United States of America v. Marshalls 201, in rem*  Civil Case No. 06-00030
Reply Re: Motion to Amend the Court's Order Denying
Motion to Dismiss in Order to Seek Interlocutory Appeal

Defendants submit that the Ninth Circuit Court of Appeals very likely could take an entirely different view of the legal issues raised in Defendants' Motion to Dismiss.

### 3. Interlocutory Appeal Would Speed End of Litigation

Defendants do not seek a postponement of the trial in this case submitted by stipulation for a schedule for November 1, 2008. Defendants filed no motion for any stay or delay of these proceedings. However, Defendants note that should they not prevail on any aspect of trial, they intend to appeal to the Ninth Circuit Court of Appeals, including the jurisdictional issue raised in their Motion to Dismiss. Therefore, appealing the jurisdictional issue now would materially speed termination of the entire case.

### Conclusion

Defendants therefore respectfully request that the Court grant their Motion to Amend the Order Re: Motion to Dismiss and allow Defendants to seek interlocutory appeal before the Ninth Circuit Court of Appeals.

JAMES P. WALSH
DANIEL BERMAN
Attorneys for Defendant MARSHALLS 201
and Cross-Claimant MARSHALL ISLAND
FISHING COMPANY

Dated this 4th day of June, 2008.   By: _____
DANIEL BERMAN